251 So.2d 624

**Joan Soluri PRUITT**

v.

**Jerry Donald PRUITT.**

**6 Div. 106.**

Court of Civil Appeals of Alabama.

Aug. 11, 1971.

Scholl & Kracke, Birmingham, for appellant.

David E. Hicks, Birmingham, for appellee.

BRADLEY, Judge.

Appellee filed a bill of complaint in the Circuit Court of Jefferson County seeking a divorce from his wife on the ground of abandonment. The wife-appellant countered by demurring, and, after the demurrer was overruled, answered by denying the pertinent allegations of the complaint. The appellant also filed a cross-bill of complaint seeking separate maintenance and alleging adultery and cruelty, which was denied by complainant-appellee.

Trial was had before the court sitting without a jury, with appellee testifying on his behalf and appellant testifying on her behalf. No other witnesses appeared.

. A decree was rendered by the trial court granting a divorce to appellee, denying relief to appellant on her cross-bill and awarding appellant alimony in gross.

There was an application for rehearing filed by appellant and dismissed by the trial court.

Thereupon, appellant perfected her appeal to this court from the final decree on the merits.

Appellee testified that he and appellant were married in Niagara Falls, New York on May 25, 1967.

Sometime during 1968 appellee and appellant moved to Birmingham, where they lived together as man and wife until April 1, 1969.

On this date appellant left Birmingham and returned to her home in Niagara Falls, New York.

During the latter part of November 1969, around Thanksgiving, appellant returned to Birmingham and to appellee for a period of seven days, at the end of which time she returned to Niagara Falls.

Appellee stated that he and appellant had not lived together as man and wife since December 1, 1969.

Appellee stated that appellant left his abode of her own free will and without his consent.

On cross-examination appellee said that he did not know why appellant left, but he denied that it was because of his drinking or wife beating.

He stated that on one occasion while under the influence of intoxicants, he shoved his wife up against the wall in their house after she refused to get out of the doorway. He denied ever hitting his wife with his fist or slapping her.

He also denied shoving his wife at the time he was supposed to have been trying to call his girl friend. He also denied telling his wife that he had a girl friend and she was pregnant by him, although appellee did admit that he had committed adultery since December 1, 1969.

Appellee also denied that his wife had asked to come back to him, nor that she had told him she loved him.

The appellant testified that she did not leave of her own free will, but that she was asked by appellee to leave. She stated that appellee told her that he had a girl friend. Appellee, according to appellant, admitted sleeping with his girl friend on one occasion, but denied having sexual intercourse with her. However, appellant stated that appellee told her his girl friend was pregnant and he wanted to marry her.

Appellant stated that she begged and pleaded with appellee to let her stay and try to make a go of it, but appellee was insistent that she leave.

On the occasion when appellee said he shoved his wife, appellant confirmed that she stood in the doorway and told appellee he could not go through it to make a telephone call to his girl friend, and that appellee shoved her out of the doorway and up against the wall, tearing the lapels on her coat.

Appellant stated that appellee never hit or slapped her.

Appellant said that appellee drank a lot, and while drinking, would use abusive language toward her.

She stated also that she was willing to return to appellee and still loved him.

Appellant testified that she had no knowledge of any adultery on appellee's part, except what he told her. She said he was truthful at times, or untruthful, depending on what he was looking for. She said he told her he had committed adultery so she would leave him.

She further stated that she wrote appellee a letter telling him that she was pregnant as a result of their sexual relations during November 1969 when she visited him. There was no other evidence, however, of her pregnancy.

Appellant says that (1) the evidence is insufficient to support the decree, but (2)

should this court find that the trial court's decree is supported by the evidence, it is nevertheless invalid because the doctrine of recrimination would be applicable.

Appellant further argues that where both parties to a divorce suit prove grounds for a divorce, neither is entitled to a divorce. In support of this argument, appellant cites us to the case of Butler v. Butler, 254 Ala. 375, 48 So.2d 318.

Appellee replies that the evidence is sufficient to support the trial court's decree and it should not be disturbed.

In Owens v. Owens, 281 Ala. 239, 201 So.2d 396, it was said:

"The parties testified ore tenus before the Chancellor. He heard and saw the witnesses. Much must therefore be left to his discretion. [Citations omitted.]"

Also, in Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703, we find the following statement:

"All the evidence was taken orally before the trial judge. When that is the case, his judgment will not be disturbed on appeal unless palpably wrong, since his findings from the evidence have been likened unto the verdict of a jury. [Citations omitted.]"

The only witnesses who testified were the husband and wife. The evidence in major respects was in conflict.

The credibility of the witnesses and the weight to be given their testimony was, in this instance, a matter for the trial court to determine. The problems presented by the evidence were obviously resolved in favor of the appellee, and we do not find that the trial court was palpably wrong in so doing.

Appellant argues that where both parties prove grounds for a divorce, neither is entitled to be granted one.

In her cross-bill appellant says that appellee was guilty of adultery and cruelty.

The only evidence to show adultery was appellee's admission that he had committed adultery during the period of appellant's abandonment of his abode.

Appellant stated from the witness stand that she did not know of any instances of adultery on appellee's part.

■ Confessions of adultery are admissible into evidence, but a decree of divorce cannot be rendered on the basis of such confession unless it be supported by corroborating evidence. Watson v. Watson, 278 Ala. 425, 178 So.2d 819.

■ We are of the opinion that the record fails to reveal the "corroborating evidence" required to support an admission of adultery to bring it to the level necessary to be supportive of a decree of divorce.

■ As to the contention that appellee was cruel to her, the evidence is—both parties so stated in open court—that appellee shoved appellant out of a doorway during an argument. Appellant stated that she had not been struck by appellee, nor threatened.

We are not convinced, and apparently neither was the trial judge, that this act made appellant fearful for her life or safety.

There was testimony also that appellant visited appellee in Birmingham some seven months after she left him, for a period of about one week. During this week they indulged in sexual intercourse several times.

■ The fact that appellant voluntarily visited appellee for several days and during that time indulged in sexual intercourse is further supportive of our feeling that she was not apprehensive of her life or safety. Brannon v. Brannon, 279 Ala. 406, 186 So. 2d 121. It would be necessary that appellant prove apprehension for life or safety in order to support the allegation of cruelty. McDowell v. McDowell, 284 Ala. 158, 223 So.2d 277.

■ Moreover, the trial judge had the prerogative of giving more credence to the husband's testimony than he did to the wife's, and apparently he did so. McDonald v. McDonald, 280 Ala. 299, 193 So.2d 519.

We have not been convinced that the trial court was palpably wrong in denying relief to appellant on her cross-bill.

This case is due to be, and is, affirmed.

Affirmed.