Rebecca Ann Hudson has filed a petition in this court seeking a writ of certiorari for a review of the judgment of the Circuit *Page 1101 
Court of Walker County holding her in contempt of court.
A.R. Hudson and Rebecca Ann Hudson were divorced on February 9, 1981. Custody of the parties' minor children was placed with both mother and father. The father was given extensive specific visitation rights.
On November 5, 1982 the father filed a petition in the trial court asking that the mother be cited for contempt for her failure to comply with the visitation schedule set out in the court's divorce decree. After a hearing the court found the mother in contempt and ordered her incarcerated in the county jail until she complied with the provisions of the prior custody decree. This contempt order was suspended conditioned upon her compliance with the custody decree.
In her brief here petitioner contends that the trial court erred because it found her, in effect, to be in criminal contempt of the court; yet she was placed in jail for an indefinite period of time.
Petitioner argues that she was held in criminal contempt for past violations of the custody decree and, therefore, she should have been sentenced to jail for a period of time not to exceed that set out in Section 12-11-30, Code 1975.
 "Our cases make clear the distinction between a criminal contempt and a civil contempt. Our cases hold that statutory limitations on punishment for contempt (Sections 9, 126, and 143 of Title 13, Code of 1940) apply only to criminal contempt, and not to civil contempt. Ex parte King, 263 Ala. 487, 83 So.2d 241; Ex parte Dickens, 162 Ala. 272, 50 So. 218.
 "In Ex parte Dickens, 162 Ala. 272, 50 So. 220, it is stated:
 "`A "civil contempt" consists in failing to do something, ordered to be done by a court in a civil action, for the benefit of the opposing party therein.'
 "In Ex parte Hill, 229 Ala. 501, 158 So. 531, this court wrote:
 "`It is also said that the limitations provided by statute were not intended to restrict the power of the court to enforce its orders and decrees. That right is called a proceeding to declare a civil contempt. A criminal contempt is one in which the purpose of the proceeding is to impose punishment for disobedience to the orders of the court. A civil contempt invokes the power of the court to commit one who is continuing to violate its orders until he complies with them. This court has held that the statutory limitations do not apply to civil contempts as thus defined. Ex parte Dickens, supra; Ex parte Stickney, 40 Ala. 160.'"
Ex parte Griffith, 278 Ala. 344, 178 So.2d 169 (1965). See alsoEx parte Abercrombie, 277 Ala. 479, 172 So.2d 43 (1965).
The trial court's decree makes clear that the incarceration for contempt was to coerce the petitioner into complying with its custody provisions which had been made for the benefit of the respondent-father, i.e. a civil contempt. The evidence supports a finding that petitioner had continuously violated the custody decree so far as the father is concerned. An order directed toward an elimination of such violations was then proper.
We find no error in the trial court's judgment and it is hereby affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.