This appeal is from an order modifying a child support decree and an order finding plaintiff not guilty of contempt.
John and Carol Queen were divorced on October 10, 1978. Custody of the parties' two children was awarded to the wife, and the husband was ordered to pay $200 per month per child as child support. The husband was given visitation rights during the week, on alternate weekends, and during holidays and summer vacations.
On August 11, 1982 Mrs. Queen filed a petition for a rule nisi on the ground that Mr. Queen was $1,000 behind in child support and that he failed to return one of the children following visitation. She also petitioned to modify the divorce decree, seeking an increase in child support due to a material change in circumstances since the divorce, and to restrict her ex-husband's visitation privileges.
After an ore tenus hearing the trial court entered an order finding that there had *Page 1318 
been a material change in the parties' circumstances, and increased child support to $225 per month per child. The court also modified the father's visitation by increasing the times when he would have the children and also provided that he not pay child support when the children were with him. The court also ordered that Mr. Queen was not in contempt for any child support arrearage nor for failing to return one of the children in timely fashion following visitation. The ex-wife appeals.
In brief appellant argues that the trial court erred in failing to find that appellee was behind in his child support payments, that the court erred in relieving appellee of child support payments during the times the children are in his custody, and that the court erred by refusing to require of appellee a bond to assure compliance with the visitation schedule.
The evidence shows that at the time of the divorce the parties were living in Alabama. The husband worked for South Central Bell and earned about $23,000 per year. There were two minor children. In July 1981 the ex-husband was transferred to New Jersey where he works for American Telephone Company, earning about $45,000 a year. He has since remarried and has two children by his present wife.
Following the divorce the appellee not only paid the child support payments regularly, but he also gave appellant money to live on while she was completing her college education and until she could get a job.
It was not until the summer of 1982 that appellee failed to pay the child support payments. The appellant says that appellee failed to pay child support for the months of June, July, and part of August 1982, which amounted to $1,000. During part of these months, the children were visiting their father in New Jersey.
Appellant contends that a father cannot unilaterally reduce his child support payments unless authorized by the court. And, since it is undisputed that appellee is in arrears $1000 in his child support payments, the trial court erroneously must have given appellee credit for the sums of money voluntarily given to appellant since the divorce.
The Alabama rule is that a father may not unilaterally reduce child support payments where the decree does not so provide.Owens v. Owens, 412 So.2d 820 (Ala.Civ.App. 1982). But, credit against claimed arrearages may be allowed the obligated parent when such parent actually furnishes support for the child while in his custody or the custody of another. Weaver v. Weaver,401 So.2d 77 (Ala.Civ.App. 1981).
The appellee proved that he had the two children in his custody in New Jersey for several weeks during the summer months of 1982, and also proved that he spent several hundred dollars for clothes for the two children while they were with him. Moreover, the appellee adduced proof of other payments made to appellant, above the amounts due as child support, that were partially used for the support of the children. Based on this evidence we conclude that the trial court did not err in finding that appellee was not in arrears in his child support payments.
Appellant next says that the net effect of the increase in monthly child support is to decrease the yearly amount of child support because the father was exempted from paying her child support during the periods when the children were in his custody. The modification order increased child support payments by $50 per month for both children but provided that no support payments were due the mother when the children were in the father's custody.
We believe the decision to order that child support payments not be made to the mother when the children are in the father's custody is within the discretion of the trial court. Taylor v.Taylor, 412 So.2d 1231 (Ala.Civ.App. 1981). During those periods when the children are not in the mother's custody, her expenses, such as *Page 1319 
food, clothing, medical and dental, and miscellaneous expenses, will be reduced considerably. Also, the trial court recognized that the mother had increased expenses caring for the children while in her custody and awarded her an increase in monthly child support benefits. Consequently, we do not find that the trial court abused its discretion by holding that the mother should not be paid child support when the children are not in her custody.
Finally, appellant argues that the trial court erred in refusing to require the appellee to post a bond each time he took the children to New Jersey to visit with him.
The evidence is in sharp dispute as to whether the father indicated to the mother that he would not return the children to Alabama after visitation in New Jersey. The resolution of disputed evidence is within the prerogative of the trial court and its decision will not be overturned except for plain and palpable error. Phillips v. Phillips, 344 So.2d 786
(Ala.Civ.App. 1977); Pruitt v. Pruitt, 47 Ala. App. 126,251 So.2d 624 (Ala.Civ.App. 1971). No such error was found in the denial of the request to require the father to post a bond prior to visitation.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.