ROBERT M. PARKER, Retired Circuit Judge.
This is an appeal from the denial of a motion to modify alimony payments.
After twenty-seven years of marriage, these parties were divorced on July 1,1980, with written agreement as to alimony and other matters, which was incorporated in the divorce judgment. Appellant filed a motion to modify the alimony provisions of the judgment, and appellee filed a counter-motion to increase her benefits to include military privileges and a rule nisi for ar-rearage. The trial court denied both motions and awarded a judgment to appellee in the amount of $700 for arrearage, plus an attorney's fee.
Appellant’s sole issue on appeal is whether the trial court abused its discretion in refusing to reduce the amount of alimony. Appellant alleges as change of circumstances that he has remarried, he is unemployed, he has had heart surgery, and that his future employment, if any, is limited to light duty or work, and that he owes some $7,000 in medical bills.
The appellant had worked as a convenience store clerk at times prior to the divorce and at intervals after the divorce until his heart surgery. At the time the divorce was granted, appellant’s sole income was his military retirement pay, and at the time of the hearing on his motion, his sole income was his military retirement pay, which had increased over $100 per month since 1980. The appellee has varicose veins and works part time as a sitter for children or the elderly, making $75-$100 per month.
The burden of proving a change in the financial circumstances of a party as a basis for modifying an alimony award is on the party seeking such change. Meyer v. Meyer, 375 So.2d 799 (Ala.Civ.App.1979). “Where a decree of divorce has adopted an agreement with respect to alimony and maintenance, the court will not modify such agreed decree except on proof of changed conditions which justify the modification and only to the extent of such *1359 changed conditions.” Block v. Block, 281 Ala. 214, 216, 201 So.2d 51, 53 (1967).
Our well-established rule on appeal is that the trial court’s judgment will be presumed correct where it hears the evidence ore terms. Roberts v. Roberts, 395 So.2d 1035 (Ala.Civ.App.1981). The modification of a prior judgment for alimony, based upon changed circumstances of the parties, is a matter largely within the sound discretion of the trial court, and the exercise of that discretion will be disturbed on appeal only if, after reviewing the evidence, this court finds such an abuse thereof as to make the judgment plainly and palpably wrong. Childress v. Childress, 378 So.2d 1147 (Ala.Civ.App.1979). We have carefully reviewed the evidence reported in the record, and although there was evidence that appellant’s ability to pay has been hindered by his remarriage and medical bills incurred, he has had an increase in his ine.ome. We find no palpable abuse of discretion in the trial court’s refusal to modify the alimony provision.
Appellee is awarded $250 as attorney’s fee on this appeal.
The foregoing opinion was prepared by Retired Circuit Judge ROBERT M. PARKER while serving on active duty status as judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.