This case involves the modification of periodic alimony.
Robert and Camille Graham were married and lived together as husband and wife for seventeen years. They were divorced on March 19, 1982. As part of the final divorce decree, it was provided that the husband was to pay to the wife the sum of $425 per month as periodic alimony. He was also required to maintain existing life insurance coverage, with the wife as irrevocable beneficiary, on his life in the amount of $27,000 and to pay all premiums on such policy as they became due and not to encumber same.
In 1984 the husband filed a petition to modify the decree asking that the periodic alimony payment be reduced. He alleged *Page 905 
that a material change of circumstances had occurred since the last decree, in that he had taken an early retirement from his position at U.S. Pipe, motivated at least in part by a substantial deterioration in his health. Further, he alleged that the wife's income had increased and her health status remained constant during this same time period.
The wife filed a counterpetition asking the court to issue a rule nisi ordering the husband to show why he should not be held in contempt of court for failure to comply with the terms of the divorce decree, in that he had allowed his life insurance policy to lapse when he retired.
After an ore tenus hearing, the court issued an order denying the petition to modify and granting the rule nisi. The court found the husband to be in willful contempt of the divorce decree and ordered his incarceration until he purged himself of the contempt by purchasing the required policy. This part of the order was suspended for thirty days from the date of the order. The husband moved for a new trial. The motion was denied. The husband appeals the denial of his petition to modify and the contempt order. We address the former issue first.
A provision in a judgment which grants periodic alimony may be modified when there has been a material change of circumstances of either or both parties. Murphy v. Murphy,470 So.2d 1297 (Ala.Civ.App. 1985). Such change of circumstances must justify the modification sought. Adams v. Adams,460 So.2d 1357 (Ala.Civ.App. 1984). The burden of proving the changed circumstances is on the party seeking the change. Id.
Where the trial court has heard the evidence ore tenus, its judgment is presumed correct. Id. The modification of a prior judgment for alimony is a matter largely within the sound discretion of the trial court. The exercise of that discretion will not be disturbed absent a plain and palpable abuse. Id.
Our review of the record does not reveal any palpable abuse of discretion in the trial court's denial of the petition to modify.
Although the record reveals that there has indeed been some change in the financial status of both parties since the last decree, the husband's testimony has inconsistencies. At one point, the husband argues that his net income has decreased from $27,000 per year at the time of the decree to approximately $13,000 per year. At another point, he agrees that his net income at the time of the divorce decree was only around $17,000 to $18,000 per year. On the one hand, he argues that his expenses have increased since the time of the decree, but on the other hand, he admits that he no longer has to make any mortgage or rental payments. He states that he had to borrow $6,500 to cover simple living expenses, but admits that he has a total personal savings of at least $33,000 in interest-bearing accounts. He has not had to draw on these accounts to cover living expenses. There is testimony indicating a rise in his medical expenses; however, it is unclear how much of this will be covered by his health insurance. There was no specific testimony as to these medical costs. We note that the husband had recently purchased a used automobile to function as a second car. This purchase required a better than $2,000 cash outlay. Finally, testimony indicated that the husband is the holder of an unspecified amount of U.S. Pipe stock.
On the wife's part, the testimony was much clearer. She is and has been working as a sitter for invalids. She earns only minimum wages at this job. Due to the recent death of her regular patient, her hours have decreased from full-time to rather tenuous part-time hours. Her gross income has fluctuated from $7,700 per year in 1983 to $8,000 in 1984. Her estimated 1985 gross income is much less than in the prior two years. Further, a recent injury to a wrist and arm has left her with rather substantial medical bills to pay. Though she has some personal savings remaining from the property settlement in the divorce decree, she has seen these savings diminish in two years from a sum of about $23,000 *Page 906 
to $16,000. The testimony indicated that she had to draw on her savings to meet her living expenses.
When we consider the trial court's judgment in light of the husband's inconsistent testimony concerning his net income, his decreased living expenses, substantial savings, and more than meager fixed income, along with the wife's decreased and uncertain income, diminished savings, and increased expenses, we cannot say that the trial judge has abused his discretion by denying the petition to modify.
The appropriate method of review of a contempt order is by way of an extraordinary writ. Fillingim v. Fillingim,388 So.2d 1010 (Ala.Civ.App. 1980). However, as the husband has asked us to consider this appeal as a petition for certiorari, on authority of our decision in Thomas v. Thomas, 406 So.2d 939
(Ala.Civ.App. 1981), we consider his arguments accordingly.
The husband first argues that the lapse of the insurance policy constitutes the creation of a debt within the ambit of Section 20 of the Alabama Constitution, which provides that "no person shall be imprisoned for debt." We do not accept this argument.
The husband's obligation regarding the insurance coverage was specifically made contingent upon his obligation to pay alimony. In view of the contingent nature of his obligation regarding the life insurance coverage, which coverage was intended to provide for the wife's sustenance and support in the event of the husband's death, we are of the opinion that the obligation is in the nature of alimony, and the constitutional prohibition against imprisonment for failure to pay debt is not applicable to the finding that the husband is in contempt for failing to meet his obligation. Id.
The power to punish for contempt is inherent in all courts of record at common law, including courts of equity. Id. This power cannot be taken away or abridged as it is essential to the due administration of justice. Id. The object of a civil contempt proceeding, however, is not to punish the husband, but to coerce him to obey the court's order. It is founded on the unwillingness of the party to obey, and there must be something wrong beyond the mere failure to pay. Id., Robertson v. State,20 Ala. App. 514, 104 So. 561 (1924).
The scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence. Thomas, supra; Wilson v. Freeman, 376 So.2d 1096
(Ala.Civ.App. 1979). When the accused puts forth evidence of his inability to comply with the order, the burden of proof is on the complainant to prove he can comply beyond a reasonable doubt. Thomas, supra; Sewell v. Butler, 375 So.2d 800
(Ala.Civ.App. 1979).
In the case before us, the husband offered proof of his inability to comply with the order because his deteriorating health had made him uninsurable. Although there was evidence to support the court's finding that the husband had wilfully failed to convert the insurance coverage on his life from the group employee benefit plan to an individual plan, under which plan he would still have been insurable, the husband produced evidence that this option was no longer open to him. Because of this, it was incumbent upon the wife to prove that he did possess the means to comply with the court's order. This she failed to do.
We therefore determine that although the trial court's order finding the husband to be in contempt is supported by the evidence, the order is due to be reversed because of the husband's inability to purge himself as ordered by the court. Where one has shown that he does not have the ability to purge himself of a civil contempt, he may not be incarcerated. Exparte Capps, 396 So.2d 70 (Ala. 1981).
The denial of modification is affirmed. The order of incarceration is reversed.
The wife is hereby awarded attorney's fees on appeal in the amount of $500. *Page 907 
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
BRADLEY and HOLMES, JJ., concur.