This is a divorce case.
The husband filed a petition for a rule nisi to hold the wife in contempt for violating certain provisions of the parties' divorce decree. The wife countered with a petition for the withholding of child support from the husband's wages.
Following an ore tenus hearing, the trial court rendered a judgment in which it ordered the husband to pay $16,000 for child support that was in arrears, without interest. The trial court further ordered the wife to transfer title to the parties' property in Lake Tahoe, California, to the husband and to pay the husband's attorney's fee, which was set following a second hearing at $10,000.
The trial court also held that the wife was "in contempt for contumaciously, intentionally and wilfully disobeying its prior orders with regard to disposition of property, visitation and generally the attempts to harass and thwart the powers of the Court." The trial court found her guilty of both criminal contempt, for which she was sentenced to 120 hours in the county jail on weekends, and civil contempt, for which she was sentenced to jail "every weekend until the Court is satisfied that she has purged herself of contempt." The trial court suspended the sentence for civil contempt to allow the wife to comply with its *Page 666 
orders regarding visitation and repairs to the home.
The wife filed a petition for a writ of certiorari to review the trial court's judgment of contempt. She also appeals that part of the trial court's judgment which awarded the husband an attorney's fee of $10,000 and which awarded her $16,000 accrued child support without interest.
We affirm in part and reverse and remand in part.
 I
The husband and wife were divorced in 1981. Custody of the parties' five minor children was granted to both parties, with primary custody being placed in the wife. The husband was given extensive visitation rights. The record is replete with indications of the continued bitterness and disagreement of the parties following the divorce, primarily with regard to the husband's visitation rights. The wife was held in contempt in 1983 due to her refusal to comply with the divorce decree's visitation requirements. That judgment of contempt was upheld by this court in Ex parte Hudson, 429 So.2d 1100 (Ala.Civ.App. 1983).
The case is now before this court once more following a judgment of contempt. We note that the scope of our review on certiorari is limited to questions of law. The weight and sufficiency of the evidence is not reviewable by this court; we are concerned only with whether there is any evidence to support the trial court's decree. Graham v. Graham,481 So.2d 903 (Ala.Civ.App. 1985); Wilson v. Freeman, 376 So.2d 1096
(Ala.Civ.App.), cert. denied, 376 So.2d 1099 (Ala. 1979).
Applying this standard of review to the present case, we find no error in the trial court's judgment of both criminal and civil contempt against the wife.
The wife contends first that the trial court erred in holding her in contempt because it was based on her violation of a nonexistent or indefinite order. Specifically, she contends that she cannot be held in contempt for her failure to transfer title to the Lake Tahoe property to the husband because the parties' divorce decree does not require her to do so.
The wife is correct in her assertion that the parties' final amended divorce decree of February 9, 1981, does not specifically address the Lake Tahoe property. It divides certain specific property between the parties and divests the wife of title in all other property in Alabama and Mississippi. Paragraph 20 of the decree, however, provides that "title to all other personal and real property not set out previously in said decree is hereby divested out of Rebecca Ann Hudson and vested in Dr. A.R. Hudson."
The trial court did not directly order the wife to transfer her interest in the Tahoe property. From the wording of the decree, however, it is obvious to anyone, particularly to one trained as a lawyer as is the wife in this case, that the court intended that the interest of the wife in the out-of-state property be transferred to the husband. Rather than comply with the clear intent of the decree by transferring her interest in the Tahoe property to the husband, the wife attempted to directly thwart that decree and cloud the title by transferring her interest by deed to her sister. We find such conduct to support a finding of contempt of the court's decree.
To contend, as the wife does, that the original decree to divest title to out-of-state property was beyond the power of the court and is void does not excuse her effort to avoid the purpose of that decree. It is correct that the courts of this state are without power to transfer title to property in another state. However, a court, with in personam jurisdiction of the party who holds title, may order the party to execute a conveyance of the property. Fall v. Eastin, 215 U.S. 1,30 S.Ct. 3, 54 L.Ed. 65 (1909); 24 Am.Jur.2d Divorce andSeparation § 950 (1983); Annot., 34 A.L.R. 3rd 962 (1970). The trial court could have concluded that the wife, trained in law, by her action of transfer sought to avoid the intent of the court. We find no abuse of *Page 667 
discretion in the finding of contempt, especially in view of additional acts of the wife disclosed by the record.
The wife further contends that, with regard to the visitation requirements of the divorce decree, the trial court's holding her in contempt was improper because it was based solely upon past contempt citations which had been adjudicated in her favor. The husband relied upon these past contempt citations and also claimed the wife's continued contempt as grounds for the issuance of a rule nisi.
We disagree with the wife's contention that the past contempt citations had been adjudicated in her favor on August 6, 1984. It is true that in its August 6 order the trial court did not sentence the wife to jail, but neither did the trial court hold that the wife had purged herself of contempt. Orders of the trial court prior to August 6, 1984, indicate its intention to retain the matter of the wife's contempt citations for further consideration and monitor her actions. We think a more reasonable interpretation of the August 6 order is that its silence as to the wife's past contempt indicates the trial court's intention to continue to keep that matter under consideration.
We find no error by the trial court in considering the wife's past contempt citations for refusal to obey the visitation requirements of the divorce decree, as well as evidence of her continued disobedience, in again holding the wife in contempt.
The wife further disputes the sentence imposed upon her for civil contempt. As already noted, the trial court sentenced her to jail every weekend until it was satisfied that she had purged herself of the civil contempt.
The wife contends that such sentence is erroneous because it is punitive in nature. Her claim is based upon the fact that the sentence is for an indefinite period of time and will end only when the trial court is satisfied that she has purged herself of the contempt. Thus, the wife claims that the sentence is dependent upon the mental operations of the trial judge.
We note that the wife made virtually the same argument when she was before this court on her prior civil contempt citation.See Hudson, 429 So.2d at 1101. Our response is the same.
The purpose of civil contempt is to invoke the power of the trial court to commit one who is continuing to violate its orders until he or she complies with them, i.e., to coerce the violating party to obey those orders. Graham, 481 So.2d at 906;Brooks v. Brooks, 480 So.2d 1233 (Ala.Civ.App. 1985); Hudson, 429 So.2d at 1101. Statutory limitations do not apply to civil contempts. Hudson, 429 So.2d at 1101.
The judgment of the trial court clearly indicates that the sentence imposed upon the wife for civil contempt was not to punish her, but to coerce her to obey the visitation and other requirements of the parties' divorce decree. That such can be the only conclusion is confirmed by the language of the trial court when it suspended the wife's sentence:
 "Execution of the sentence for civil contempt is suspended to allow the Defendant to comply with the Court orders regarding visitation and repairs to be made to the house. In the event the Court is not satisfied that the Defendant appreciates the significance of the civil contempt citations, the Court reserves the right to execute said sentence by ordering Defendant to jail until such time as the Court is satisfied that its orders are being obeyed and Defendant has purged herself of the civil contempt."
Our review of the record and the law indicates no error in the trial court's holding the wife in contempt, both civil and criminal, or in the sentences imposed upon her for the contempt.
 II
The wife also appeals that part of the trial court's judgment which awarded to the husband an attorney's fee of $10,000. The wife contends first that the trial court erred in awarding an attorney's fee to the husband because he did not request the fee *Page 668 
in his pleadings and the matter was not tried by the implied consent of the parties. We disagree.
Although the husband did not request an attorney's fee in his pleadings before the trial court, such a request was made in open court, without objection by the wife, prior to closing arguments. Moreover, the trial court held a separate hearing for the taking of testimony as to the amount of the attorney's fee, and the wife did not object at that time to the allowance of the fee.
Under such circumstances, we think the issue of the award of an attorney's fee to the husband was tried by the express or, at least, the implied, consent of the parties, eliminating the need for a formal request for the fee in the pleadings. Rule 15 (b), Alabama Rules of Civil Procedure. See Tidwell v. Tidwell,379 So.2d 614 (Ala.Civ.App. 1980).
The wife also contends that there was no statutory basis for the award of an attorney's fee.
Ala. Code (1975), § 30-2-54, gives authority to a trial court to award an attorney's fee "[i]n all actions for divorce or for the recovery of alimony, maintenance or support in which a judgment of divorce has been issued or is pending and a contempt of court citation has been made by the court against either party. . . ."
In the present case the contempt citation against the wife was not for her nonpayment of "alimony, maintenance or support." The wife was held in contempt for her continued violation of those portions of the divorce decree relating to the division of property, the repair of the former marital home, and visitation.
However, in addition to the contempt finding, the decree of the court included a change in custody of one of the parties' children and a reduction in child support. An award of attorney fees in cases involving child custody and support has historically been within the discretion of the court. Bell v.Bell, 443 So.2d 1258 (Ala.Civ.App. 1983); Smith v. Smith,365 So.2d 88 (Ala.Civ.App. 1978).
We thus find authority for the trial court's award of an attorney's fee to the husband in this case. As to the amount of the award, we note that such is within the discretion of the trial court, the determination of which will not be reversed absent a showing of an abuse of that discretion. Johnson v.Johnson, 460 So.2d 179, at 180-81 (Ala.Civ.App. 1984);Lochridge v. Lochridge, 448 So.2d 378, at 380-81 (Ala.Civ.App. 1984).
In this case the trial court held a separate ore tenus
hearing solely for the purpose of receiving evidence relating to the nature of the services rendered, the amount of the fee requested, and other factors relevant to its determination of the fee. The wife has shown no abuse of the trial court's discretion in awarding the husband a fee in the amount of $10,000.
 III
Finally, the wife disputes the award to her of $16,000 accrued child support. She contends apparently that the amount of the award should be greater and that the trial court erred in allowing the husband to set-off against the accrued support installments certain sums he had spent on the children for clothing and for other support.
It is well established that the matter of child support is committed to the discretion of the trial court, which will not be reversed absent a showing that it has abused that discretion or that its determination is plainly and palpably wrong.Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
No abuse of the trial court's discretion has been shown because it allowed the husband a set-off against the amount of accrued child support. See Queen v. Queen, 437 So.2d 1316
(Ala.Civ.App. 1983).
The wife also contends, however, that the award of accrued child support is deficient in that the trial court failed to calculate interest due on that award. The husband concedes on appeal that the trial *Page 669 
court erred in failing to calculate interest due on the $16,000 award. See Argo v. Argo, 467 So.2d 258 (Ala.Civ.App. 1985).
Therefore, that part of the trial court's judgment in which it awarded the wife $16,000 accrued child support is reversed and remanded for the calculation and award of interest thereon.
Both parties have requested an attorney's fee for representation on appeal. Those requests are denied.
This case is due to be affirmed in part and reversed and remanded in part.
The petition for the writ is denied.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART; WRIT DENIED.
All the Judges concur.