HOLMES, Judge
(concurring specially).
The proceeding before the trial court, as noted in its final decree, dealt solely with *152 the husband’s petition to modify the amount of periodic alimony he is required to pay the wife. In my opinion, it is quite clear that, in noting that the wife has a vested interest in the husband’s civil service retirement income, the trial court was simply pointing out her right to receive alimony from this source of income. There is no question but that the trial court could properly consider such income as a source from which periodic alimony to the wife could be paid. Murphy v. Murphy, 470 So.2d 1297 (Ala.Civ.App.1985).
Moreover, even if the trial court did intend by its comment to infer that-the wife has an ownership interest in the retirement income, its decree did not effect any sort of change in the original division of the parties’ property or attempt to vest in the wife an ownership interest in the retirement income. Therefore, any “incorrect” comment by the trial court regarding such income in the final decree would be merely harmless error and not grounds for reversal. Rule 45, Alabama Rules of Appellate Procedure.
Additionally, in reviewing this case with the presumptions applicable to the appeal of the denial of a petition to modify which was presented to the trial court ore tenus, I conclude that the trial court’s decree should be affirmed. Adams v. Adams, 460 So.2d 1357 (Ala.Civ.App.1984); Meyer v. Meyer, 375 So.2d 799 (Ala.Civ.App.1979).