L. CHARLES WRIGHT, Retired Appellate Judge.
In March 1986 the husband filed a petition for rule nisi, alleging that the wife should be held in contempt for attempting to thwart the clear intent of their divorce decree. After a hearing the trial court found the wife to be in contempt of court and ordered that she either clear the title to property in Covington County, Mississippi, within thirty days from the date of the hearing or, if she were unable to clear title to the property, pay to the husband one-half of the appraised value of said property.
*41 The wife filed a petition for a writ of certiorari to review the trial court’s finding of contempt. The proper method for reviewing a contempt order is by extraordinary writ, and our scope of review is confined to questions of law and is not extended to an inquiry as to the weight and sufficiency of the evidence. Graham v. Graham, 481 So.2d 903 (Ala.Civ.App.1985).
The parties were divorced in 1981. This is the third time they have been before this court. In 1983 the wife was held in contempt for her failure to comply with the visitation rights set out in the divorce decree, and this court upheld that finding of contempt. Ex parte Hudson, 429 So.2d 1100 (Ala.Civ.App.1983).
The most recent case is cited as Hudson v. Hudson, 494 So.2d 664 (Ala.Civ.App.1986). In that case we found that the trial court properly held the wife in contempt for her failure to abide by the visitation rights established by the divorce decree and for her action to thwart the intention of the divorce decree and to cloud the title of the couple’s Lake Tahoe property by transferring her interest in the property to her sister.
In this case the wife’s first contention is that the trial court erred when it granted another petition for rule nisi concerning the same subject matter (real estate awarded in the original divorce decree) as the last petition. The wife submits that, because a petition on the same subject matter had been heard by the court, she had previously been punished for her actions. In the previous case the wife was found to be in contempt of court and sentenced to serve time in jail for conveying to her sister some other property awarded in the divorce decree. However, that case, found at 494 So.2d 664, concerned the conveyance of the wife’s interest in the Lake Tahoe property to her sister and did not concern any other property covered by the divorce decree. We find no error on the part of the trial court for considering the petition for rule nisi regarding the Covington County, Mississippi, property.
The wife also argues that, even if the subject matter of the present case was not previously covered, it should have been. She bases her argument on the fact that the prior hearing was held in November 1985. The evidence presented at the hearing in the present case indicated that the wife executed a quitclaim deed to her sister for the Covington County, Mississippi, property in March 1984, and the deed was recorded on July 10, 1984. The evidence also indicated that the wife executed a quitclaim deed to the husband for the same property on July 6, 1984, which was recorded on July 20, 1984. The wife maintains that, because her actions regarding the Mississippi property occurred before the November 1985 contempt hearing and because she was punished for having done precisely the same transaction, though to other property, the trial court erred in considering this complaint because it should have been raised at the November 1985 hearing.
We find that the trial court did not err when it considered the husband’s present petition for rule nisi. The husband filed the petition in March 1986, after discovering the defect in title. The husband did not have any knowledge of the problems with the Mississippi property at the time of the November 1985 hearing.
The wife also contends that the trial court erred when it ordered her to clear the title to the property in question within thirty days from the date of the hearing or suffer a huge monetary penalty. She says that, because neither she nor the trial court has the legal means to force her sister to execute a deed conveying the property back to the wife, the trial court’s order is improper and void.
As in Hudson, 494 So.2d 664, the trial court could have concluded that the wife’s act of transferring her interest to her sister was an attempt to thwart the intent of the divorce decree and place a cloud on the title. We find that the trial court did not abuse its discretion when it found the wife to be in contempt of court. We further find that the trial court gave the wife two alternatives to purge herself of the finding of contempt—clear the title or pay one-half of the appraised value to the husband. We *42 find this not to be improper as the wife has made no showing that she is unable to purge herself from contempt. Mims v. Mims, 472 So.2d 1063 (Ala.Civ.App.1985).
The petition for the writ is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.