This is a contempt case.
Husband and wife were divorced in August 1985. At the time of the divorce, parties' only child, a daughter, was three years old. Pursuant to the divorce, the parties agreed on a joint custody arrangement. Particularly, the child was to reside primarily with the wife, and the husband was to have access to the child at all reasonable times and places, provided that the wife was given reasonable notice of intended visitation.
For approximately one year, this custody arrangement proved satisfactory, and visitation proceeded without incident. However, in the summer of 1986 the child began to undergo behavioral changes, and family members reported abnormal displays of affection between the child and *Page 44 
her father. This chain of events ultimately resulted in a dependency hearing in which the trial court dismissed the dependency petition on the ground of lack of clear and convincing evidence. Limestone County Department of HumanResources v. McAllister, [Ms. Feb. 10, 1988] (Ala.Civ.App. 1988). This court reversed, and a writ of certiorari was filed with the supreme court. The supreme court has granted the writ, but as of this date has filed no opinion.
The case currently before this court arises out of a petition to modify the divorce decree filed by the husband. In the modification petition the husband alleged that a material change in circumstances warranted a custody change which would place full custody of the child in the husband. Husband also filed a contempt motion alleging that the wife had left the state in violation of the custody provisions of the divorce decree.
The case went to trial, and the wife refused to answer opposing counsel's questions concerning her residence. As a result, the court found wife in contempt. She was ordered incarcerated until she answered the question; however, the trial court released her on bail so that she might obtain review of the contempt order.
The sole issue before us is whether the wife could properly be held in contempt.
Initially we note that the proper vehicle for review of a contempt order is an extraordinary writ, i.e. a writ of habeas `corpus where the contemnor is incarcerated and a writ of certiorari where the contemnor is not incarcerated. Wilsonv. Freeman, 376 So.2d 1096 (Ala.Civ.App.), writdenied, 376 So.2d 1099 (Ala. 1979). Although the wife appealed the contempt order, we will treat the appeal as a petition for the writ of certiorari and review it accordingly.Graham v. Graham, 481 So.2d 903 (Ala.Civ.App. 1985).
When a civil contempt is issued the rationale behind it is to coerce the party to obey a court's order, not to punish.Graham. In our review of the contempt order's issuance, we are limited to questions of law. Graham.
We do not review the sufficiency of the evidence.Graham.
The contempt petition filed by the husband alleged that wife had left the state in violation of the divorce decree. When questioned concerning her residence, the wife refused to tell the court where she and the child were living. This refusal to respond occurred twice in the course of the trial. However, the court never ordered, per se, the wife to respond.
Instead, the court found in its order: "[T]he Respondent [wife] . . . hereby is adjudged in contempt of this court for willful failure to answer questions. . . ." The court then proceeded to order that the wife be confined to the county jail until she complied "with the orders of the court to answer questions in this case." (We note that her confinement was suspended for the purpose of allowing this appeal.)
Wife's contention on appeal is that she may not be held in contempt, as the court never specifically ordered her to answer the questions. We agree. From the record we find that the court never ordered wife to respond to questions propounded by counsel as to her residence. In fact, the court stated it was useless to direct that wife respond.
Although for practical purposes, it might have proved useless to order wife to respond, without such an order there simply can be no contempt. The very nature of contempt is founded in refusing to obey a court order. In other words, " '[a] "civil contempt" consists in failing to do something ordered to be done by a court in a civil action, for the benefit of the opposing party therein.' " Ex parte Dickens, 162 Ala. 272,50 So. 218 (1909).
This situation has been specifically addressed in 17 C.J.S.Contempt § 12 (1963):
 "Where there is no decree or order commanding accused or anyone else to do or refrain from doing anything, disobedience of it is impossible, and no person may be adjudged in contempt for the disobedience of a nonexistent order." (footnotes omitted) *Page 45 
In short, how can a court find a litigant in contempt for failing to abide by an order when no such order has been issued? It cannot. Dickens. Because the court failed to order the wife to respond to counsel's questions, the court cannot hold her in contempt for her refusal. To do so destroys the very definition of contempt.
The judgment of the trial court holding the wife in contempt is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
HOLMES and INGRAM, JJ., concur.