THIGPEN, Judge.
This is a petition to modify custody.
Myra Blackston, the mother, and James Blackston, the father, were divorced in 1987, with custody of the children being awarded to the mother, and the father being ordered to pay child support. After the divorce, the father received notice to begin making child support payments to the Department of Human Resources rather than the circuit court clerk. This court upheld the trial court’s decision that the mother’s assignment of her right to payment to the county Department of Human Resources did not constitute a modification of the divorce decree and therefore did not deprive the father of due process. See Blackston v. Blackston, 585 So.2d 58 (Ala.Civ.App.1991), cert. denied, (Ala.1991).
The father subsequently filed a pro se petition to modify the divorce decree requesting joint custody of the children. In addition, he filed a petition for rule nisi, contending that the mother was in contempt .for violating his visitation rights. The State of Alabama (State) then filed a contempt petition against the father on behalf of the mother, alleging that the father was in arrears in his child support obligation. Additionally, the State filed a petition to withhold income for current child support in response to which the father filed a motion to strike. A petition for a preliminary injunction was filed by the father concerning personal property of the eldest son which was retained by the mother when the son changed residence.
After an ore tenus proceeding, the trial court denied the petition for joint custody, and found neither parent in contempt. The trial court gave the father an offset in child support for each month that the eldest child resided in the father’s home. The preliminary injunction request was rendered moot prior to trial because the eldest child changed residence again. The father appeals.
The issues before this court are: (1) whether the trial court abused its discretion in failing to grant joint custody; (2) whether the trial court erred in not finding the mother in contempt for violations of the father’s visitation rights and in failing to provide the father with the minor children’s telephone number; (3) whether the trial court erred in not requiring the mother to provide the father with the children’s telephone number under the new decree; and (4) whether the trial court erred in refusing to allow testimony regarding the withholding order.
Initially, we note that when evidence is presented ore tenus, there is a strong presumption that the trial court’s ruling is correct regarding an award of custody. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). Because the trial court is in a unique position to observe and to hear the evidence, this court will not *1264 reverse on appeal unless the ruling is unsupported by the evidence, and therefore, plainly and palpably wrong. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.), cert. denied, (Ala.1985). A parent seeking a modification of custody must show that a material change of circumstances has occurred since the last custody judgment. Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App.1985). The petitioner must show that the change in custody would materially promote the best interests and welfare of the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). “The positive good brought about by the modification must more than offset the inherently disruptive effect caused by uprooting the child.” Id. at 865 (quoting Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976)).
The father offered little legal evidence to meet his burden of showing a material change of circumstances, or that the award of joint custody would materially promote the best interests and welfare of the children. The father states that the children are in danger in that they reside next to a man who has been treated for child molestation. He offers, however, no evidence that the man currently poses a threat to any of the children.
The father claims that the mother is unconcerned for the children’s health, but the only evidence that he offers is that the mother failed to buy the children medical insurance. The divorce decree requires the father to provide for the children’s medical expenses, either through insurance or personally.
The father argues that the mother is unconcerned with the children’s education. His only evidence of this is that he provided for the eldest child to attend summer school. There is no evidence that the mother is not currently concerned about the education of her children.
The father states that the mother’s violations of his visitation rights should entitle him to a change of custody of the children. “[Visitation disputes alone are insufficient to necessitate a change in custody.” Ward v. Rodenbaugh, 509 So.2d 910, 911 (Ala.Civ.App.1987) (citation omitted).
In light of the paucity of evidence presented, we cannot find that the trial court erred in finding that the father failed to meet the burden placed upon him before a modification of custody could be granted. The trial court’s refusal to grant joint custody of the children was therefore not an abuse of discretion.
The father next contends that the trial court erred in not finding the mother in contempt of court for violating his visitation rights and for failing to disclose her unlisted telephone number. The mother cannot be held in contempt for failing to disclose her telephone number because the terms of the original decree did not require her to do so. A person cannot be held in contempt for failure to do something that the court has not ordered. Price v. McAllister, 537 So.2d 43 (Ala.Civ.App.1988). There was testimony that the mother interfered with the father’s visitation rights. As stated earlier, however, a trial court’s determinations are presumed to be correct and will not be overturned absent a showing of plain and palpable error when ore tenus evidence is presented. Gulf Shores, Ltd. v. Powrzanos, 442 So.2d 71 (Ala.1983). We therefore cannot find error in the trial court’s refusal to find the mother in contempt.
The father claims that the trial court erred in failing to'require the mother to provide him the children’s telephone number. We disagree. There is testimony that, since the original divorce decree, the father made threatening comments to the mother over the phone, prompting her to acquire and maintain an unlisted number. In addition, there is no indication that the mother made any attempt to limit the children’s ability to call the father. The trial court opted to encourage, but not mandate, the communication between the father and the mother concerning the children. In light of the ore tenus evidence presented, we cannot find error in the trial court’s decision refusing to order the mother to provide the father with the children’s telephone number.
*1265 The father claims that the trial court erred in refusing to allow testimony regarding the income withholding order. Ala.Code 1975, § 30-3-61(d) allows the trial court to issue a withholding order immediately if the obligor is delinquent in support by one month. The father argues, however, that he is entitled to a hearing based upon § 30-3-61(c), which states in part:
“Where any order of support is entered or modified at the request of the department, the withholding order issued therewith pursuant to this section shall be served immediately upon, the obligor’s employer and shall take effect immediately; except where one of the parties demonstrates, and the court finds, there is good cause not to require immediate income withholding, ... in such cases income withholding shall be implemented if the absent parent fails to make payments equal to one month’s support obligation....” (emphasis added.)
The father states that he was not presented the opportunity to show good cause why the immediate withholding order should not be issued. As the mother filed an affidavit stating that the father was one month past due in his child support payment, as required in Ala.Code 1975, § 30-3-61(d), the father was not entitled to a hearing on this issue. The court may, in its discretion, not require immediate income withholding upon a showing of good cause, but if the obligor is the equivalent of one month late in the support obligation, this discretion is removed and the court must issue the withholding order. Ala.Code 1975, § 30-3-61(d) states that “[u]pon the filing of an affidavit and the payment of a docket fee ... a copy of the withholding order issued pursuant to this section shall be served upon the employer pursuant to the Alabama Rules of Civil Procedure.” (Emphasis added.) In light of the fact that the trial court was required by law to issue the withholding order, we cannot find error in the court’s refusal to hear argument as to why the withholding order should not be issued.
Based on the foregoing, we hereby affirm the judgment of the trial court.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.