Forrest Jerry Hill was found to be in contempt of court for failure to pay child support as ordered. Following an ore tenus proceeding, the trial court determined that each delinquency (244 consecutive weeks) "constitutes an act of contempt for each separate failure or omission." The trial court concluded that the arrearage totalled $24,661, but determined that Hill could purge himself from contempt by the payment of $12,330, which represented the amount the trial court determined that Hill "could have had the good faith understanding" that he owed. Hill was ordered to be confined to the county jail for 1,220 days, which represents 5 days for each separate finding of contempt. Hill's post-judgment motion was denied and he appeals.
On appeal, Hill does not challenge the finding of contempt. He affirms in his brief that "there was evidence which supported the trial court's finding of contempt and such a finding was not plainly and palpably wrong." Hill argues on appeal that he does not have the ability to pay the amount ordered, and that there was no evidence to show his ability to make such a payment. As such, he argues that the trial court erred in ordering him incarcerated because he lacked the present ability to pay. *Page 904 
The dispositive issue is whether the trial court erred in ordering Hill incarcerated if he failed to pay the arrearage amount to purge himself from the finding of contempt.
The inherent authority of a trial court to punish one for contempt lies in the interest of the court in protecting its dignity and demanding obedience to its decrees. Klingler v.White, 465 So.2d 405 (Ala.Civ.App. 1984). Contempt cannot be found if failure to pay obligations is due to lack of means rather than contumacy. Davis v. Davis,518 So.2d 156 (Ala.Civ.App. 1987).
In our thorough and careful review of the record, we find nothing to indicate that Hill lacked the ability to pay each support obligation as it became due. To the contrary, when questioned whether he had been employed since the divorce, Hill responded "I've always been employed." Hill conceded that he had not paid the support obligation for about five years. He testified that he was not paying the support obligation in 1989 when he paid a lawyer to seek to have the visitation rights enforced. Our review of the record discloses that Hill failed to produce any evidence of his inability to pay the support obligations as they were due.
Hill argues that the record is without evidence that he has the present ability to pay the arrearage. Our review of the record reveals that Hill's contention, that he does not have the present ability to pay, is without supporting evidence other than Hill's own unsupported statement. The record is simply devoid of any evidence regarding Hill's alleged present inability to pay. The trial court made no specific findings regarding Hill's present ability to pay, although the order does contain the following statement: "Because [Hill] is a welder who left the security of a regular job, to obtain employment in the construction trade on the open market, and because he does that work on a sporadic basis, there is no employer on which to serve an Income Withholding Order."
A trial court's judgment which, as here, is based on ore tenus evidence, is presumed correct and will be reversed only if the judgment is plainly and palpably wrong. Ex parteWalters, 580 So.2d 1352 (Ala. 1991). The law is clear that "where a trial court does not make specific findings of fact, it will be assumed that the trial court made those findings that were necessary to support its judgment, unless the findings would be clearly erroneous." Walters at 1354. Reviewing this record with the attendant legal presumptions, we find no error and we therefore must affirm.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.