The parties were divorced on June 28, 1993. Pursuant to an agreement of the parties that was incorporated into the divorce judgment, the wife was to have custody of the two minor daughters; the husband was to pay to the wife "$3,950.00 in full settlement of all marital claims and child support due prior to June 1, 1993, . . . to be paid in full on or before February 15, 1994"; the wife was to "receive an immediate written assignment of such sum from the Husband's pension fund"; and, further, the husband was to pay $420 per month child support beginning June 1993.
On March 16, 1994, the wife petitioned the court, asking, among other things, that the husband be held in contempt, claiming that he had failed to pay to her, pursuant to the divorce judgment, the $3,950. The court, after taking the matter under advisement on letter briefs of the parties, found that "the judgment of divorce does not order the parties to abide by the agreement" and dismissed the petition.
The wife appeals, arguing (1) that the trial court can hold a party in contempt for failure to comply with a previous order or judgment of the court that adopted an agreement of the parties relating to child support and settlement of marital claims; and (2) that the judgment of the trial court in ratifying, confirming, and approving a separation agreement constitutes an order to the parties to comply with its terms. The husband contends that the trial court, in the divorce judgment, did not "order" him to comply with the terms of the separation agreement and that, therefore, he cannot be held in contempt.
We conclude that the trial court erroneously applied the reasoning in Price v. McAllister, 537 So.2d 43
(Ala.Civ.App. 1988), to dismiss the petition. In Price, this court held that a person could not be held in contempt for disobeying an order that was never issued; Price is not analogous to this case.
The divorce judgment provides: "That the Separation Agreement of the parties dated the 28th day of June, 1993, be and the same is hereby ratified, confirmed, and approved and made a part hereof as if set out here verbatim." In Kaleta v. Kaleta,452 So.2d 1338, 1339 (Ala.Civ.App. 1984), this court stated:
 "The separation agreement was approved by the trial court and its provisions were incorporated by reference into the final divorce judgment. Thus, the entire agreement became merged into the divorce judgment, and the judgment, and not the agreement itself, became the controlling enforceable instrument. The terms of the agreement of the parties became terms of the divorce judgment and were enforceable by all remedies available for the enforcement of a judgment, including contempt where appropriate."
(Citations omitted.)
We note that, "The inherent authority of the trial court to punish one for contempt lies in the interest of the court in protecting its dignity and demanding obedience to its decrees."Hill v. Moree, 602 So.2d 903, 904 (Ala.Civ.App. 1992). The trial court made no finding on the issue of contempt because it concluded, erroneously, that it had no authority to make such a finding. Therefore, we reverse the trial court's judgment and remand the cause for the court to determine whether the husband should be held in contempt for his failure to comply with the judgment of divorce. The husband's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.