YATES, Judge.
The parties were divorced on April 24, 1992. The court awarded the wife custody of the parties’ two minor children and the “unborn child,” after its birth. The court awarded the father specific visitation rights and *632 several substantial items of personal property, and ordered him to pay, among other things, child support, periodic alimony, all costs associated with the birth of the unborn child, and “all debts of the marriage.” The periodic alimony award was comprised of a $240.60 monthly mortgage payment and $300 per month for support and maintenance, beginning May 1992 and running for 24 months.
On September 22,1992, the court, on post-judgment motions filed by both parties, amended the divorce judgment as to visitation and periodic alimony, reducing the support and maintenance payments from $300 to $200 per month.
On December 2, 1992, the wife petitioned for a rule nisi, alleging that the husband had failed to pay, as ordered, child support, costs associated with the birth of their third child, and periodic alimony. On February 16,1993, she amended her petition to include additional allegations.
The husband answered, contending: (1) that he had filed a bankruptcy petition; (2) that he had lost substantial wages because of an on-the-job injury that he had suffered; and (3) that the wife had unclean hands because she had refused to allow him to recover his personal property and to allow him visitation with their newborn child.
On June 9, 1993, the circuit court stayed the proceedings against the husband and ordered that the action would be dismissed without prejudice unless the wife obtained from the bankruptcy court an order permitting her to further prosecute the claim and filed that order in the circuit court. The wife obtained an order granting leave to prosecute and filed a copy of that order.
On March 31, 1994, after a hearing, the circuit court found that the husband was $14,552.89 in arrears “in making payments to the [wife] or for her use and benefit” and that he had failed to pay $1,891.95 for “hospital, medical, dental, other health care needs, and other debts of the marriage.” The court determined that since January 1993 the husband’s monthly income had been $2,737, of which he had paid $827 per month in child support; it determined that he had not paid the ordered $440.60 monthly periodic alimony for the past 14 months. The court found the husband in contempt and ordered him incarcerated until he purged himself by paying $6,168.40 of the total $14,552.89 arrear-age owed, finding that the husband “in fact has had the ability to pay the [alimony]” and that his failure to pay as ordered “has been due to his wilful contumacy, rather than to his inability to comply.” The court suspended the sentence until June 2, 1994, to give the husband an opportunity to purge himself of contempt, and it set a compliance hearing for that date. The court noted that the father was still responsible for the current child support and alimony. Additionally, the husband was ordered to pay $50.00 per week on the arrearage owed. The husband moved to have the court vacate its order, alleging that the order required him to pay more than 70% of his net income; the motion was denied.
The compliance hearing was held on June 17; the court found that the husband had failed “due to his wilful contumacy” to purge himself of the contempt, noting:
“The [husband] did not offer to pay any part of such arrearage, and did not offer any plan for the payment thereof, and did not request any further time to make the payment, as heretofore ordered.
“The Court further notes that the [husband’s] child support and alimony payments were set by this Court’s Judgment of Divorce dated April 24, 1992, as modified by Amendment to Judgment of Divorce dated September 22, 1992, and that while the [husband] contends that his income is insufficient to make the payments as ordered, he has neither appealed from said amended judgment nor petitioned this Court to reduce the payments as ordered.”
The court ordered him incarcerated until he had purged himself.
The husband appeals, arguing that the trial court erred in finding him in contempt, because, he says, he had shown that he was financially unable to pay the arrearage and, he says, the wife had failed to present evidence that he had the financial means to purge himself of contempt.
*633 “[Wjhether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm.” Stack v. Stack, 646 So.2d 61, 56 (Ala.Civ.App. 1994). “The inherent authority of the trial court to punish one for contempt lies in the interest of the court in protecting its dignity and demanding obedience to its decrees.” Hill v. Moree, 602 So.2d 903, 904 (Ala.Civ.App.1992). One cannot be found in contempt for a failure to pay obligations if the failure to pay is attributable to a lack of means rather than to contumacy. Id.
The husband testified that his net income, after allowing for child support, is $266.72 per week and that his monthly living expenses are $850.00. He stated that if he paid everything that the court had ordered him to pay he would have a “negative cash flow.” The wife testified that the husband had told her that “he would rot in jail and hell would freeze over before he paid [her] a penny of [alimony].” The record reveals that the wife is permanently disabled and is unable to work. She was awarded the marital home in the divorce judgment and the husband was to make the mortgage payments; the house was the subject of foreclosure proceedings at the time of the hearing.
The husband also argues that the wife failed to prove that he had the financial means to purge himself of contempt. If the evidence shows that the failure to pay is not due to contumacy, but to inability to pay, then “the burden shifts to the [movant] to prove beyond a reasonable doubt that [the alleged contemnor] can pay the ordered amount of alimony”. Morgan v. Morgan, 582 So.2d 1147, 1149 (Ala.Civ.App.1991). Here, the burden did not shift because the husband made no showing that his failure to pay was due to an inability to pay. The record reflects that since 1992 the husband’s gross income has increased $9,860 annually and that he has not incurred any major indebtedness.
The trial court found that the father had the means to purge himself of his contempt. His failure to comply with the order demonstrates contumacy. After thoroughly reviewing the record, we conclude that there is sufficient evidence to support that finding.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE and CRAWLEY, JJ., concur.