MONROE, Judge.
The trial court held William P. Patterson in contempt of court for failing to abide by certain provisions of a consent decree that was entered when Patterson and his wife, Nancy, divorced.
The law is well settled that a trial court has the discretionary authority to determine whether to hold someone in contempt of court. Cohn v. Cohn, 658 So.2d 479 (Ala.Civ.App.1994), cert. denied, 668 So.2d 575 (Ala.1995). Furthermore, the trial court has the inherent power to issue orders or process as are necessary to enforce its judgments. State ex rel. D.K. v. R.T., 599 So.2d 627 (Ala.Civ.App.1992). Unless those sanctions are an abuse of the trial court’s discretion, they will not be disturbed. Id.
We have reviewed the record on appeal and, based on Cohn, supra, State ex reí D.K., supra, and the following authority, we cannot say the trial court abused its discretion in holding Patterson in contempt and imposing sanctions against him. Todd v. Todd, 659 So.2d 631 (Ala.Civ.App.1995); Chappel v. Esty, 655 So.2d 1011 (Ala.Civ.App.1995); Stack v. Stack, 646 So.2d 51 (Ala.Civ.App. 1994); Anonymous v. Anonymous, 620 So.2d 43 (Ala.Civ.App.1993); Wright v. Wright, 630 So.2d 450 (Ala.Civ.App.1992); Hill v. Frye, 603 So.2d 1073 (Ala.Civ.App.1992); Hill v. Moree, 602 So.2d 903 (Ala.Civ.App.1992); Ex *373 parte Cleburne County Board of Education, 545 So.2d 802 (Ala.Civ.App.1989); McKeever v. McKeever, 528 So.2d 856 (Ala.Civ.App. 1988); and Klingler v. White, 465 So.2d 405 (Ala.Civ.App.1984).
Both the appellant’s and appellee’s requests for an attorney fee are denied.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
CRAWLEY, J., dissents.