Review by writ of certiorari is sought here of an order holding petitioner, Almeta Howell Parker, in contempt of court.
Almeta Howell Parker and A.P. Howell were divorced by the Circuit Court of Walker County, Alabama on June 13, 1973. The divorce decree incorporated a prior settlement agreement which, among other things, provided that A.P. Howell would transfer his interest in the homeplace of the parties to petitioner for $5,500.00. In return, petitioner gave a note and mortgage to A.P. Howell. The terms of the note and mortgage required that petitioner pay to Howell not less than $100 per month until said indebtedness was paid.
Almeta Parker subsequently conveyed the property to her daughter, Sybil Ingram. The daughter testified that she agreed to assume the mortgage given to A.P. Howell by her mother, but Howell testified that he had no agreement with Sybil Ingram, and he wanted Almeta Parker to pay him.
After a hearing on the petition for a rule nisi filed by Howell, the trial court found Almeta Parker in contempt of court for failure to pay at least $100 per month to Howell on the indebtedness represented by the note and mortgage previously described. The trial court gave her one month to pay the arrears or be incarcerated in the Walker County jail until such time as she purged herself of contempt by complying with said order.
Petition for the writ of certiorari was then filed here seeking a review of that contempt order.
Almeta Parker says that she has been found in contempt of court for failure to pay a debt, and such an order contravenes Section 20, Constitution of Alabama 1901, which provides:
"That no person shall be imprisoned for debt."
The Supreme Court of Alabama has held that Section 20 is limited to contract liabilities. Bray v. State, 140 Ala. 172,37 So. 250. The court has also said that alimony is not a matter of contract within the meaning of Section 20, supra. Exparte Stephenson, 252 Ala. 316, 40 So.2d 716.
Petitioner contends in brief (respondent did not favor us with a brief) that her agreement with Howell, which was incorporated in the divorce decree, was a simple contract whereby she was to pay him $5,500 for his interest in some real estate that he conveyed to her. She says there was nothing in the agreement or the decree to suggest that alimony was involved in the arrangement.
Our examination of the agreement entered into by the parties hereto prior to the divorce decree and the testimony heard by the court at the rule nisi hearing convinces us that the transfer of property interest in exchange for the payment of a certain sum of money was either a simple business transaction, or, at most, a property settlement upon the dissolution of a marriage. Either view of the evidence compels us to say that a debt ex contractu was involved, the payment of which could not be coerced by a contempt citation. Thompson v. Thompson,282 Ala. 248, 210 So.2d 808; Ex parte Hardy, 68 Ala. 303.
Had the agreement to pay $5,500 in exchange for the former husband's interest in the property been considered by the parties and the court as alimony in gross, we might have been faced with a different solution to the problem. Bray v. State,supra. The award of alimony has as its sole object the support of the wife and is not to be considered a property settlement.Le Maistre v. Baker, 268 Ala. 295, 105 So.2d 867. *Page 913 
In the case at bar the intent of the agreement was for the wife to pay the husband for his interest in some property he was giving up, as evidenced by a note and mortgage, not to give support to the wife or to compensate her for her lost inchoate property rights as would be the case in the award of alimony in gross. This ordinary money obligation is not attended with any of those peculiar equitable considerations which attach to alimony. Therefore, the debt created by the agreement of the parties hereto is within the ambit of Section 20, supra, and is not subject to enforcement by contempt proceedings.
We conclude that the trial court erred in holding petitioner in contempt of court for failure to pay the indebtedness represented by the note and mortgage executed by A.P. Howell, the former husband. The decree of the trial court is reversed and the cause remanded for a decree to be entered in accordance with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.