SAMUEL, Judge.
Plaintiff, Isadore D. Brickman, M. D., filed this injunction suit against the Board of Directors, as a body and individually, and other officials of West Jefferson General Hospital seeking to compel the hospital to advance him to full staff membership and to allow him to operate or assist in surgical procedures at that hospital.
The trial judge refused to issue a temporary restraining order, but set a hearing on a preliminary injunction twelve days after suit was filed. The defendants then filed exceptions of lack of jurisdiction, prematurity, and no cause or right of action. The exceptions were set for hearing on the same day.
Following the hearing on the exceptions, the trial court maintained the exception of prematurity on the ground that defendants were in the process of affording plaintiff an administrative hearing which had not been completed at the time suit was filed. Accordingly, there was judgment dismissing the suit as premature. Plaintiff appeals from that judgment.
No evidence was offered on the injunction. The record before us consists of the hearing on the exceptions, the pleadings, *703 memoranda and exhibits submitted to the trial court.[1]
On December 28, 1977 West Jefferson General Hospital sent a letter to plaintiff advising him his provisional staff appointment would be terminated for the calendar year 1978 upon the recommendation of the “Credentials Committee and the Executive Committee of the Medical Staff.” At this time plaintiff was in his third year on the hospital’s provisional medical staff, in which capacity members are assigned to departments where their performance is observed by the head of the department or his representative until their probation conditions have been fulfilled.
The present case involves the decision of the hospital not to admit plaintiff to a full active medical staff membership. Plaintiff alleges defendants violated the bylaws of the hospital regarding this denial because the hearing to which he was entitled under the bylaws was not held within ten days as required thereby.
The manner for suspension and revocation of staff members’ privileges is provided in the hospital’s bylaws as “Appendix A, II”. This section sets forth a detailed method for affording a physician whose staff membership is adversely affected by the decision of the hospital an opportunity to be heard with regard to such decision.
In accordance with the applicable bylaw provision, plaintiff was advised in the December 28, 1977 letter of his right to request a hearing, the delay for doing so, and the result of his failure to make such a request. In a letter dated January 3, 1978 plaintiff requested an immediate hearing and notification of the date thereof and charges against him. On January 11, 1978 the hospital notified plaintiff by letter a hearing would be held on January 18, 1978 at the hospital. The letter further advised plaintiff of the manner in which the hearing would be held, of the appointment of a non-voting hearing officer, of his right to an attorney at the hearing, and furnished a written statement concerning the charges against him by the Executive Committee.[2]
By letter of January 11, 1978, plaintiff requested a copy of the bylaws and stated he would be present for the hearing with an attorney. On January 16, 1978 a letter from the hospital was brought by hand to plaintiff together with a copy of the medical staff bylaws. A request was made in this letter to have plaintiff furnish his attorney’s name so that procedures regarding the pending hearing could be discussed with him.[3] On January 16,1978 plaintiff’s attorney advised the hospital’s Chief of Staff he would represent plaintiff and notified him of the violation of the rule requiring a hearing within ten days of demand.
On January 18, 1978 the hearing was convened and plaintiff and his attorney were present. Plaintiff attacked the procedural right of the committee to hold the hearing because he had not been “observed” as required in the bylaws and because the hearing was not conducted within the ten day period provided in the bylaws. After evidence was submitted by both sides on *704 these Drocedural matters, the ad hoc committee .empaneled to conduct the hearing retired to consider tile merits of the procedural arguments. The committee overruled the objections and ruled that the hearing should go forward as scheduled, over plaintiff’s objection.
At this point, plaintiffs attorney objected to any further hearing until he was furnished the specific medical records which formed the basis for the hospital’s recommendations that plaintiff not be appointed to full staff membership. Twenty-two medical records were furnished plaintiff, together with other exhibits. Then plaintiff’s counsel requested time to review the documents to determine if he needed any other evidence with regard to the substantive charges. Accordingly, with plaintiff’s concurrence, the hearing was continued to January 25, 1978.
On January 25, plaintiff’s attorney informed the committee he had called the hospital for additional evidence, but was not furnished this evidence until the time of the hearing. He then requested another continuance in order to review the additional exhibits. The remainder of the January 25,1978 hearing only involved the introduction of other documents, including 33 medical records. These documents also were furnished to plaintiff. Plaintiff reiterated his request for a continuance to allow him to review the additional records and to determine if additional information were needed. With plaintiff’s consent, the hearing was rescheduled for February 15, 1978. On that day, an hour and a half before the scheduled hearing time, the hospital received a message stating plaintiff’s attorney was ill and unable to attend. Accordingly, the committee again rescheduled the hearing for March 1,1978. On February 15 a letter was sent to plaintiff and his attorney advising them of the new date.
On March 1,1978 counsel for the hospital received a call from plaintiff’s counsel advising him a petition for injunctive relief was being prepared and that plaintiff would not appear at the hearing. The committee decided to treat the non-appearance as a request for a continuance and again continued the hearing, this time to March 8, 1978, and forwarded a letter to plaintiff and his attorney advising them of this action.
On March 8, 1978, the hospital received a letter dated March 7, 1978 from plaintiff acknowledging receipt of the letter of March 1 and notifying the hospital he would not be able to attend the hearing. Counsel for the hospital advised counsel for plaintiff that the committee regarded the letter as a groundless request for a continuance and requested immediate notification of any legitimate basis for plaintiff’s non-attending. Plaintiff neither notified the hospital of a basis for a continuance nor attended, and the hearing was conducted on March 8,1978. For the first time, substantive evidence was presented, involving some of the medical records being considered. The committee adjourned until March 22, 1978, and on March 9, 1978 the hospital drafted a letter advising plaintiff and his attorney of the action taken and the next scheduled hearing date.
The proceedings at hand involve the right to practice in a particular hospital, and in no way involve plaintiff’s right to practice medicine; he is on the active staff of at least five other local hospitals. His injunction suit makes no showing of irreparable injury or loss resulting from the hearing being set fifteen days after his request instead of ten days as provided in the hospital’s bylaws. On the contrary, the allegations of irreparable loss and damaged reputation are directed to the substantive action taken by the committee and not to the procedural aspects of the hearing.
The law is clear that where membership in an organization is involved, and an administrative remedy is afforded to give the affected party a hearing consistent with due process of law, exhaustion of administrative remedies is a precondition to resort to the courts.[4] In Braden v. Lewis,[5] *705 the Louisiana Supreme Court stated that one who becomes a member of a profession voluntarily subjects himself to the jurisdiction and processes provided in that profession for a determination of his rights if the procedures are followed without discrimination after proper and timely hearing, and such person must resort to the administrative machinery of his profession before seeking judicial relief.
The only real basis for plaintiff’s resort to injunctive relief is the failure of the board to conduct the hearing within 10 days of demand. As stated above, the record shows demand was made by letter of January 3, 1978 and a hearing was convened on January 18, 1978, 15 days after demand. The record contains no showing of any significant deprivation of any of plaintiff’s rights by commencing the hearing on January 18 instead of January 13. On the contrary, even had the proceeding begun five days earlier, the numerous continuances requested by plaintiff to ascertain and review evidence to be used in his hearing renders such a delay totally insignificant. The hearing was still in the process of being conducted at the time of plaintiff’s resort to the courts on March 8, 1978, and insofar as we know, the hearing has not concluded as of this date.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. We have previously held this appeal was not timely perfected insofar as the preliminary injunction was concerned. However, we maintained plaintiffs right to appeal devolutively from the dismissal of his suit insofar as his request for a permanent injunction was concerned. Brickman v. Bd. of Directors, La.App., 363 So.2d 86.

. Because of their personal and confidential nature, the parties have not given us any information relative to the substance of the charges against plaintiff, nor is such information to be found in the record.

. The hearing procedures provide for oral evidence under oath, the right to call and examine witnesses, the right to introduce exhibits, the right to cross-examine opposing witnesses on any relevant matter, the right to challenge witnesses regardless of which party called him to testify, the right to rebut evidence, and the right to remain silent, subject to cross-examination in accordance with constitutional safeguards. The bylaws further provide the hearing need not be conducted according to technical rules of evidence and that any relevant evidence would be admitted if it were the type upon which reasonable persons are accustomed to rely in the conduct of their own serious affairs, irrespective of any common law or statutory exclusionary rules.

. Elfer v. Marine Engineers Beneficial Ass’n No. 12, 179 La. 383, 154 So. 32; Irwin v. Lorio, 169 La. 1090, 126 So. 669; Rabb v. Trevelyan, 122 La. 174, 47 So. 455; Braden v. Lewis, 148 La. 920, 88 So. 117.

. See footnote 4, supra.