This is a civil contempt proceeding.
The plaintiff (Citicorp) and Mr. Sanderson had done business with each other for a number of years. Citicorp purchased finance papers from Mr. Sanderson as to mobile homes sold by him. If a mobile home customer defaulted on his obligation, Citicorp would require Mr. Sanderson to repossess the unit.
In 1981, Citicorp sued Mr. Sanderson and the parties settled those two civil actions. Included in the judgment of the circuit court as to the settlement was a requirement that, when Mr. Sanderson sold a unit, he would instanter transmit the sale proceeds to Citicorp. That proviso pertained to mobile homes which had been repossessed by Mr. Sanderson and which were subsequently sold by him to other customers.
In Citicorp's petition to show cause, it was alleged that, as to two repossessed mobile homes, Mr. Sanderson had failed to deliver the sale proceeds to Citicorp contrary to the prior judgment of the trial court. After an ore tenus hearing before the circuit court, that court denied Citicorp's petition for contempt. They now appeal. We affirm.
By the terms of a written agreement and through the course of business dealings between the parties, a reserve account was established which was administered by Citicorp. A certain amount of each sum financed for Mr. Sanderson's customers was placed in this account. Citicorp could apply that account against any of Mr. Sanderson's debts to them. While Citicorp was not required to obtain Mr. Sanderson's prior consent to enter charges against his reserve account, they always called him prior to doing so and each time he granted permission to so debit that account. During the year after the settlement judgment, Citicorp had established a pattern of behavior of charging repossessed mobile homes to his reserve account when they did not promptly receive any sales proceeds therefrom.
The only witness to testify at the trial was Mr. Smith, Citicorp's area vice president. At the request of the attorneys and just prior to concluding his testimony, he made a telephone call to his office in order to obtain certain information and figures as to several items. In that telephone conversation, Mr. Smith apparently discovered for the first time, and revealed it to the trial court, that, as to the two repossessed mobile homes involved in the present controversy, the dealer's payoff for each of those units previously had been debited against Mr. Sanderson's reserve account. He did not testify as to the date of that transaction.
Mr. Smith earlier had testified that the two mobile home customers had defaulted upon their payments and Citicorp required Mr. Sanderson to repossess them, which was done. Thereafter, Mr. Smith checked Mr. *Page 1295 
Sanderson's inventory and those two units were not on Mr. Sanderson's lot. While Mr. Smith concluded that they had been sold, he did not know to whom they had been sold, for what amount nor their location. When he asked Mr. Sanderson about those two units, he was informed by Mr. Sanderson that "I'll take care of it," but he made no payment to Citicorp therefor.
Certiorari, and not an appeal, is the proper method to review a trial court's action in refusing to hold a party in contempt of court. Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598,609, 157 So.2d 23, 35 (1963); Murphy v. Murphy,395 So.2d 1047 (Ala.Civ.App. 1981). However, we opt to treat Citicorp's appeal as a petition for certiorari. Murphy v. Murphy, supra;Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.), cert. denied,376 So.2d 1099 (Ala. 1979).
On certiorari, the scope of review in contempt cases is limited to questions of law. The weight or sufficiency of the evidence will not be reviewed. As to factual questions, if there is any legal evidence which is supportive of the judgment of the trial court, we are bound thereby and must affirm. Smithv. Smith, 380 So.2d 897 (Ala.Civ.App. 1980). Here, the very substantial evidence as previously summarized fully supports the judgment of the learned circuit court in denying Citicorp's petition to place Mr. Sanderson in civil contempt of court. We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.