This is a civil contempt proceeding.
The parties were divorced in 1979. In 1980, the trial court approved a supplemental contract whereby they agreed in paragraph 1 that the husband would convey the residence to the wife. She assumed full and total responsibility for a mortgage against that real estate, and she further promised to pay to the husband $1,700. Paragraph 4 of that subsequent agreement provided:
 "4. Gail Maitland Null agrees to assume the following bills incurred by the parties hereto, and to pay the same from the proceeds of the sale of the premises referred to in Paragraph 1 hereof, and said bills in an amount not to exceed Five Thousand and no/100 ($5,000.00) Dollars, to-wit:
(a) Sears, Roebuck Company
(b) Bank Americard
(c) Rollins Exterminators
(d) U.S. Naval Credit Union."
In a stipulation in the present litigation, along with the above matters, the following facts which are pertinent to the present issue were agreed to by the respective attorneys and submitted to the trial court for consideration in reaching a decision in the case:
 "In October, 1980, the residence referred to in Paragraph 4 of the above agreement was sold. The purchase price was Eighty-eight Thousand ($88,000.00) Dollars and the net proceeds to Mrs. Null totaled One Thousand Four Hundred Twenty-one and 14/100 ($1,421.14) Dollars. That sum was applied to a loan Mrs. Null had obtained in order to pay Mr. Null certain other sums called for under another paragraph of that above referenced supplemental agreement.
 "Thereafter, Mr. Null filed his Petition for Contempt. In that pleading, he set forth that he had made payments totaling Four Thousand Six Hundred ($4,600.00) Dollars on the four outstanding bills, leaving a total amount owed of Two Thousand Five Hundred ($2,500.00) Dollars. Mr. Null asked that Mrs. Null be held in contempt for `failing to reimburse him for all amounts which he has paid on the above bills. . . . [I]t was stipulated that there was no claim that Mrs. Null's actions were contumacious, malicious, or in any other manner contemptuous.'" *Page 888 
The learned trial court rendered a judgment upon the stipulated facts adjudging the wife to be in contempt of court for her failure to pay those creditors as listed in paragraph 4 of the agreement. Further, a judgment was rendered by the court in favor of the husband and against the wife for $5,000 and the wife was granted thirty days from the date of the judgment within which to purge herself of the contempt of court by paying $5,000 to the husband.
The wife has appealed and contends that contempt proceedings were inappropriate to enforce the provisions of paragraph 4 against her.
While the proper remedy to review a contempt order is through an extraordinary writ, we opt to treat the wife's appeal as a petition for a writ of certiorari. Thomas v. Thomas,406 So.2d 939 (Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala. 1981).
If the wife's obligation thereunder was only a debt, contempt proceedings could not be utilized to enforce payment. However, if that responsibility constituted alimony which was to be paid to the husband by the wife, the trial court was authorized to force payment thereof through its contempt powers, if she was in contempt. Thompson v. Thompson, 282 Ala. 248, 210 So.2d 808
(1968); Thomas v. Thomas, supra; Ex parte Parker, 334 So.2d 911
(Ala.Civ.App. 1976).
Under the supplemental agreement, the husband transferred his interest in the home to her and, in turn, the wife agreed to assume the mortgage debt, to pay $1,700 to him and she obligated herself, as therein specified and limited, to pay the debts listed in paragraph 4. After considering the entire 1980 agreement of the parties and its relationship to her responsibilities created by paragraph 4, the duty imposed upon her by that particular paragraph was "either a simple business transaction, or, at most, a property settlement. . . . Either view of the evidence compels us to say that a debt ex contractu
was involved, the payment of which could not be coerced by a contempt citation." (Citations omitted.) Ex parte Parker,supra. Since paragraph 4 did not provide for the payment of alimony to the husband but was simply an agreement for her to pay the specified debts as therein provided, the trial court erred in adjudging the wife to be in contempt of court, contempt being the wrong vehicle to enforce the payment of a debt under each of the cases previously cited herein.
The judgment of the trial court is reversed and the cause is remanded.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.