WRIGHT, Presiding Judge.
This is a civil contempt proceeding.
The parties were divorced in 1982. The court’s decree adopted a written agreement of the parties which, among other things, awarded an automobile to the wife, with *109 the husband to pay the balance owed on that automobile.
On May 15, 1984, the wife filed a rule nisi, seeking citation of the husband for contempt of court for failure to pay the indebtedness on the automobile. The husband answered that the remedy of contempt was not available to the wife as a means of enforcing that obligation. The trial court dismissed the wife’s petition because of the unavailability of the remedy of contempt. The wife petitioned this court for a writ of certiorari to review the trial court’s judgment. We granted the writ.
The wife contends that the trial court erred in dismissing her petition because the husband’s obligation was in the nature of an alimony obligation.
The scope of review in contempt cases is limited to questions of law and does not extend to the weight and sufficiency of the evidence, but only to the question of whether any evidence supports the trial court’s decree. Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.1981); Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.), cert. denied, 376 So.2d 1099 (Ala.1979).
The trial court held, on the authority of Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982), that the remedy of contempt was not available to the wife. The wife argues that the holding in Null is no broader than the facts and circumstances of that case. However, in Null we stated:
“After considering the entire 1980 agreement of the parties and its relationship to her responsibilities created by paragraph 4, the duty imposed upon her by that particular paragraph was ‘either a simple business transaction, or, at most, a property settlement.... Either view of the evidence compels us to say that a debt ex contractu was involved, the payment of which could not be coerced by a contempt citation.’ (citations omitted.)”
On the authority of Null v. Null, supra, we agree with the trial court that, as a matter of law, the remedy of contempt is unavailable to the wife.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.