This post-divorce litigation is for the recovery of property which was awarded to the plaintiff, the husband, by the divorce judgment. From an adverse judgment, the defendant appealed.
Before rendering the divorce, the trial court heard evidence which was in great dispute as to the possession of personal property which is here involved. When the trial court orally announced in open court the terms of the divorce judgment, including the property awards to the parties, the trial court stated that, "The gun collection is awarded to the plaintiff and if there are any guns that he does not have, then he should have the right to obtain those from the marital residence. Likewise, the knife collection, the boat, the motor and trailer and various items of equipment that go with the boat are awarded to the plaintiff. . . ." The trial court further pointed out that some of the plaintiff's personal items, such as tools, were located at the marital residence and that he had the right to obtain those items. It was further directed that the plaintiff receive the items which were in the possession of the register. The trial court requested that the defendant's attorney prepare the final divorce judgment. The presently pertinent provisions of the judgment as written were that the full, complete, and exclusive title, ownership, and possession of the following were awarded to the plaintiff: (1) the gun collection; (2) the boat, motor, trailer, and other accessories used in connection therewith; (3) all of the tools situated at the marital residence; and (4) the guns presently in the possession of the register. No appeal was taken from the divorce judgment.
The plaintiff insisted that the defendant turn over to him five or six guns, certain accessories to the boat, and certain tools. The defendant denied that she possessed those items or that she had any knowledge of their whereabouts. The plaintiff instituted the present proceedings wherein he sought from the defendant the possession of those particular items of personal property or their alternate value and he requested that the defendant be adjudged to be in contempt of court. Both parties testified as to the missing property in approximately the same manner as they had each previously testified at the divorce trial. The trial court rendered the following judgment on January 22, 1987:
 "The parties hereto were divorced on October 24, 1985. A division of personal property was made and items awarded as designated in the decree. The plaintiff, George Michael Patterson, has filed this action alleging the defendant, Linda Kay Patterson, to be in contempt for refusing to make available to him certain items which he was awarded. He lists them in his petition. He asks the items be delivered or, in the alternative, he be awarded the alternate value of the property. The defendant insists the action is barred on account of the doctrine of res adjudicata, i.e., the issue was adjudicated at the time of the divorce. She also claims, among other defenses, that she does not have the items sought by the plaintiff.
 "The defendant has earlier filed a motion for a summary judgment and that motion was denied.
 "Evidence was heard on January 14, 1987, and decision taken under advisement.
 "The divorce case was tried on September 13, 1985. An order relating to personal property was entered at that time. That order is of record. Further proceedings were scheduled for October 24, 1985, and it was on that date the final *Page 741 
decree was entered. The Court heard evidence at the time of the divorce trial and additional evidence at this proceeding (January 14, 1987) on the personal property question. It appears some items the parties owned were then and are now unaccounted for and both parties testify to be unaware of the whereabouts of the items. Both deny taking the items in question.
 "The defendant is correct in her contention that the Court ruled on the issue at divorce. The property owned by the parties was equitably divided and awarded in the final divorce decree. But a finding and ruling to that effect now does not settle the issue. Any reconsideration of the award of personal property is barred by the doctrine of res adjudicata. The issue here, however, is not the award but the implementation of the award; the implementation of the court's decree.
 "The Court awarded the plaintiff the items he lists in his petition and the court finds he has yet to gain possession of those items. Questions to be resolved are: Is it due to the plaintiff's own fault or negligence that he is without the property? The Court is of the opinion it is not. Has the plaintiff's complaint been timely and properly made? The Court is of the opinion it has. Is it due to the defendant's fault, negligence or misconduct that the plaintiff has failed to obtain the items? The court is of the opinion that the defendant's responsibility has been sufficiently proven.
 "It is impossible here to review all the evidence and testimony and in addition the conference in chambers with the attorneys of record. It is important to express however that the Court has carefully reviewed the case and is of the opinion the above conclusions are warranted and correct.
 "After the parties' separation, the defendant had possession of the marital residence. She was responsible to secure and maintain the property at the residence, including the items claimed herein by the plaintiff. On at least one occasion the plaintiff returned to the marital residence, actually broke into the house, and secured some guns and possibly other items. The Court is satisfied the plaintiff did not then nor at any other time take the items claimed in his petition. The Court is of the opinion the defendant hid, sold, concealed, gave away or otherwise disposed of the items — or failed to adequately secure the property so as to guard against someone else taking the items — items for which she is responsible. She now either cannot or will not account for the property. It was the Court's Judgment the plaintiff have those items awarded him in the divorce decree and Judgment was entered accordingly. That Judgment is now reaffirmed and the plaintiff is to have and recover from the defendant the items listed in the plaintiff's petition.
 "The defendant's action is found by the Court to be contemptuous and she is ADJUDGED to be in willful contempt. She may purge herself by return of the items or payment to the plaintiff of an amount determined by the Court to be the alternate value thereof.
 "It is ORDERED that the defendant deliver to the plaintiff those items listed in his petition within ten (10) days of this decree. She is to do so by making the items available at her home and advising the Register of their availability. The Register is then to designate a time for the plaintiff to pick the items up at the defendant's residence and the Register is to be present to assure an orderly exchange. Should the defendant fail to make the items available and so advise the Register as instructed herein, then in that event, judgment is entered for the plaintiff and against the defendant for THREE THOUSAND TWO HUNDRED NINETY AND NO/100 ($3,290.00) DOLLARS, which the Court fixes as the alternate value of the property unlawfully withheld by the defendant from the plaintiff. Execution on the judgment is stayed for sixty (60) days and if not satisfied by the defendant within that time, execution may issue. The defendant is also taxed with the costs of this *Page 742 
proceeding which is to be paid within sixty (60) days. Upon payment, the Register is to reimburse the plaintiff.
 "The plaintiff has asked that should the Court enter judgment for the alternate value of the property, he be granted the right to recover by withholding a like amount from his alimony payments. One obligation does not offset the other and the Court cannot now redetermine the defendant's alimony obligation. His request in that regard is denied. Should the defendant fail to comply with this decree, the Court will consider sanctions for contempt and the plaintiff also has the rights of execution on the Judgment as provided by law."
A division of property was made by the divorce judgment and no modification thereof was effected by the January 22, 1987 judgment. The latest judgment interpreted, implemented, or enforced the divorce judgment, and the trial court had the inherent power to do so. Patchett v. Patchett, 469 So.2d 642
(Ala.Civ.App. 1985); see also, Filer v. Filer, 502 So.2d 698
(Ala. 1987). Here, the plaintiff was expressly granted the exclusive possession of the items by the divorce judgment and he could seek the interpretation, implementation, and enforcement of his ownership and possessory rights.
We concur with the reasoning of the trial court that resadjudicata barred any reconsideration of the property awards of the divorce judgment, that the matter before the trial court was not the property award itself, but that the trial court was concerned with its implementation.
The divorce judgment was not a bar to its interpretation, implementation, and enforcement. In short, the prior judgment was not res adjudicata to the present proceedings.
We have read and reviewed the entire record, which includes almost four hundred pages of testimony. Both the original divorce testimony and the evidence which was presented in 1987 sufficiently support a reasonable opinion or inference that the defendant hid, sold, concealed, gave away, or otherwise disposed of the items in question and that she cannot or will not account for them.
Accordingly, we find no error in those portions of the January 22, 1987 judgment which ordered the defendant to turn over the property to the plaintiff and, upon the defendant's failure to do so, rendered a judgment against the defendant for its alternate value of $3,290.00.
We opt to consider and treat the defendant's appeal as also including proceedings for certiorari in order that the contempt issue can be decided. Citicorp Person to Person FinancialCenter, Inc. v. Sanderson, 421 So.2d 1293 (Ala.Civ.App. 1982).
The scope of review on certiorari is limited to questions of law and the weight of the evidence will not be reviewed other than to determine whether there is any legal evidence which supports the trial court's judgment — if so, we are factually bound thereby and must affirm. Citicorp, 421 So.2d at 1295. Our review of the evidence discloses that the evidence supports that finding of contempt.
While the trial court found that the defendant was in civil contempt of court, no sanctions were imposed upon her although she was permitted to purge herself of contempt. Therefore, we cannot reverse for an alleged violation of the constitutional prohibition against imprisonment for a debt. No such punishment of imprisonment was provided.
The contentions of most capable counsel for the defendant have been carefully considered and, finding no error, we affirm.
The defendant has asked for an attorney's fee on appeal. The plaintiff contends that he represented himself on this appeal and that the defendant should pay him for his time, trouble, and expenses. Both such requests are denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code *Page 743 
1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.