INGRAM, Judge.
The former husband, Bobby J. Zyriek, appeals from an order holding him in contempt of court for failing to comply with the divorce decree. This appeal is directed towards that portion of the contempt order that deals specifically with the foreclosure of the rental property.
Initially we note that appellate review of a contempt order is by way of extraordinary writ and not by appeal. Williamson v. Williamson, 391 So. 2d 115 (Ala.Civ.App.1980). However, we choose to treat this appeal as a petition for writ of certiorari in accordance with our decision in Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.), cert. denied, 406 So.2d 943 (Ala.1981).
The Zyrieks were divorced on November 20, 1986, after 30 years of marriage. The trial court ordered in the divorce decree that the husband convey all real property owned by the parties to the wife as alimony in gross. The decree further directed the wife to assume and pay any outstanding indebtedness secured by the real property specified in the court’s decree. Within 30 days of the decree, the wife filed a motion for reconsideration, stating in part that she was financially unable to comply with the decree’s provisions and that her husband’s income at the time of trial was greater than his testimony indicated. Subsequently, the trial court issued additional decrees on this matter on March 17,1987, and April 28,1987. In its March 17,1987, decree, the court granted the wife’s motion for reconsideration and ordered the husband to “either satisfy the current arrearage on the encumbrance on the rental property or make satisfactory arrangements with the creditor to prevent foreclosure.” Then, on April 17, 1987, the wife filed a motion for clarification of the court’s March 17 decree. The court’s April 28 order clarified the March judgment and contained an express reservation of control. The husband failed to abide by the March order, and the rental property was foreclosed upon on July 14. After a hearing on the petition for rule nisi filed by the wife, the court, on August 19, 1987, found the husband in contempt for willfully violating the March court order. This judgment was reached after the evidence indicated that the husband had the finances to prevent the foreclosure.
The husband first contends that the trial court’s August 19 contempt order was an invalid attempt to modify its previous divorce decree as amended on March 17 and on April 28, 1987. We fail to understand how this contention could have merit. The divorce decree was amended by the trial court more than four months before the husband was cited for contempt. The husband was held in contempt for his failure to comply with the trial court’s previous order to “satisfy the current arrear-age” on the mortgage or “make satisfactory arrangements” to prevent a foreclosure of the mortgage. The trial court obviously had the power to alter or amend its judgment within the time provided by law, as it did on March 17 and April 28. See Rules 59(a) and (e), Alabama Rules of Civil Procedure.
The husband next contends that contempt is not a proper remedy in a post-divorce action for failure to make mortgage payments. He bases this contention on Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982), which held that a court-approved supplemental contract in a divorce case wherein a wife promised to pay certain bills incurred by the parties during their marriage could not be enforced by contempt proceedings. The Null court concluded that since the wife’s obligation was only a debt, a contempt proceeding was inappropriate. That court went on to say, however, that if the responsibility (for payment of a debt) constituted alimony, the trial court was authorized to enforce payment thereof through its contempt powers, if, in fact, the wife was in contempt.
In the case sub judice, the court had ordered the husband to prevent a foreclosure of the mortgage on the real estate awarded to the wife. When he failed to comply with the order, the trial court, after a rule nisi hearing, found him in contempt.
*680 We find no error in the trial court’s adjudication of contempt against the husband, based upon the evidence before the court.
The wife requests an attorney fee on appeal. This court awards her an attorney fee in the amount of $750.00.
The ruling of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.