INGRAM, Presiding Judge.
The parties were divorced in July 1985. Incorporated into the divorce decree was an *624 agreement between the parties concerning alimony and a property settlement. In September 1987, the wife filed a petition for a rule nisi, contending that the husband was in contempt of court for failure to comply with certain provisions of the divorce decree. In February 1988, the trial court held a hearing and found that the husband had willfully refused to pay alimony and was in contempt of court. The trial court also construed a provision of the divorce decree which required the husband to pay certain loans against insurance policies as alimony in gross. The trial court then found that, although the husband had the financial ability to pay, he had willfully refused to pay such “alimony in gross” and was, therefore, in contempt of court. There was no timely appeal filed by the husband.
On March 11, 1988, the trial court found that the husband had failed to comply with its February 1988 order and sentenced him for contempt to the Jefferson County jail. On March 25, 1988, the husband was released from jail, after paying a portion of the arrearage and agreeing to pay a certain amount each week toward the arrearage. The court ordered, however, that the husband remained in contempt of court and was subject to reimposition of the jail sentence should he fail to comply with the order of the court. On June 27, 1989, the trial court found that the husband had failed to purge himself of contempt of court and again ordered him incarcerated in the Jefferson County jail. On June 29, 1989, the husband was released from jail but was ordered to appear in court to submit a plan to pay certain sums of money.
The husband is now before this court by writ of certiorari. He contends that the agreement to pay off certain loans is not alimony in gross, and, therefore, he contends, the contempt citation was in error.
Clearly, if the husband’s obligation to pay the loans was considered a debt, then contempt proceedings could not be utilized to enforce the payment. Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982). However, such is not the case here. The husband’s responsibility to pay off certain loans was construed in February 1988 by the trial court to constitute alimony in gross. As noted above, there was no appeal from that finding. Therefore, the trial court is authorized to force payment through its contempt powers. Null, supra.
We need not address the other argument raised by the husband. He has failed to cite to this court any authority which would support his contentions. Rule 28, Alabama Rules of Appellate Procedure.
WRIT DENIED.
ROBERTSON and RUSSELL, JJ., concur.