Labarron Terry Evans, Sr. (father), petitions this court for a writ of certiorari to the trial court, requesting relief from that court's finding of contempt. Initially, we note that relief from a contempt finding is available by appeal when, as here, the contemnor is not in custody. Rule 33.6(b), Alabama Rules of Criminal Procedure; Jordan v. Jordan,600 So.2d 332 (Ala.Civ.App. 1992). Therefore, we will treat the father's petition for writ of certiorari as an appeal.
According to the record, the parties were divorced in November 1991. The father filed a motion for rule nisi and a motion to modify the original judgment of divorce in June 1992. His motion for rule nisi requested that the trial court find Faye Linda Evans (mother) in contempt for denying the father's visitation with the parties' two minor children, and his motion to modify requested a decrease in his monthly child support obligation based on a reduction in his income. Also, the case action summary listed a motion for rule nisi as being filed by the mother, although no such pleading was included in the record. After an ore tenus proceeding, the trial court entered the following order:
 "1. THAT the [father] . . . be and hereby is held in direct contempt of the orders of this Court and is hereby committed to jail . . . and there [the father] shall remain for a period of 30 days or until he has purged himself of contempt by depositing the sum of $9,100.00 cash in the [clerk's office].
". . . .
 "3. THAT [the mother] is hereby awarded a judgment against the [father] in the amount of $10,248.00; $7,500.00 of said amount representing monies [the father] was previously ordered to pay to the [mother] from the credit union pursuant to the Judgment of Divorce; $996.00 representing the total arrearage in child support as of this date; and six house payments in the amount of $281.00 ($1,686.00) plus $66.00 in late charges."
The father, after being incarcerated, filed a motion for stay of the trial court's contempt order, but this motion was denied. According to the father's petition for writ of certiorari, he subsequently was released from jail, however, on a $300 bond.
In his brief, the father raises two issues: 1) whether the $7,500, which he was ordered in the divorce judgment to pay the mother, constituted a division of property; and 2) whether the trial court's finding of contempt, and consequent incarceration of the father, was error due to the father's supposed inability to pay his court-ordered obligations. The mother filed no brief on appeal.
Concerning his first issue, the father contends that the $7,500 awarded to the mother in the judgment of divorce was a property settlement, since it represented approximately a one-half interest in a savings account which had been owned jointly by the parties. Therefore, the father argues that his failure *Page 440 
to pay this amount to the mother is not enforceable by a contempt citation.
The judgment of divorce contained the following provision: "8. The [father] shall, within 30 days of the date of this order, pay to the [mother] the sum of $7,500.00, this sum representing approximately one-half of the monies which were in the Scott Federal Credit Union Account at the time of the parties' separation." The father's testimony indicated that these monies were deposited into the credit union during the parties' marriage and that their purpose was to pay the parties' debts.
In Schwaiger v. Schwaiger, 392 So.2d 1213
(Ala.Civ.App. 1981), this court held that such an award in a divorce judgment constituted a property division, rather than alimony in gross.
 "The wife says, however, that the trial court erred in designating the $8,418.67 awarded to her from the parties' joint savings accounts as alimony in gross. Her primary argument in support of this contention is that the award to her of one-half of a joint savings account gives her nothing more than what she already owns. As support for her argument, the wife relies on the case of Body v. Body, 47 Ala. App. 443, 256 So.2d 184 (1971). In the Body case the wife was awarded $12,000 from a jointly owned savings account containing $18,000. We said such award could not be considered as alimony in gross even if it had been so designated by the trial court because the wife already had vested title to one-half of the $18,000. Likewise, in the case at bar, we consider the award of the $8,418.67 from the parties' joint accounts to be a property division rather than an award of alimony in gross."
Id. at 1215. See also, Wilson v. Wilson, 404 So.2d 76
(Ala.Civ.App. 1981).
Here, we first note that the father testified he withdrew the monies contemplated in Paragraph 8 prior to the parties'divorce trial and used them to pay certain of their joint debts. Nevertheless, for purposes of this appeal, we still consider Paragraph 8 of the trial court's divorce judgment as a property division. As a division of property, the father contends, therefore, that the execution of Paragraph 8 cannot be compelled by a contempt citation. For this proposition, the father cites Ex parte Parker, 334 So.2d 911
(Ala.Civ.App. 1976). We find Parker to be distinguishable from the present case and, consequently, disagree with the father's contention.
In Parker, this court stated the following:
 "Our examination of the agreement entered into by the parties . . . prior to the divorce decree and the testimony heard by the court at the rule nisi hearing convinces us that the transfer of property interest in exchange for the payment of a certain sum of money was either a simple business transaction, or, at most, a property settlement upon the dissolution of a marriage. Either view of the evidence compels us to say that a debt ex contractu was involved, the payment of which could not be coerced by a contempt citation."
Id., at 912.
Our research also has revealed a situation similar toParker in Null v. Null, 423 So.2d 887 (Ala.Civ.App. 1982). InNull, this court held that it was error for the trial court to find a wife in contempt for failure to pay certain of the parties' debts which she agreed to pay in a supplemental contract between the parties. In reversing the trial court, we stated that the agreement constituted " 'either a simple business transaction, or, at most, a property settlement. . . . Either view of the evidence compels us to say that a debt excontractu was involved, the payment of which could not be coerced by a contempt citation.' " Id., at 888 (quotingParker).
In both Parker and Null, an agreement between the parties was involved, wherein one of the parties willingly assumed certain financial responsibilities. It was this contractual characteristic which gave rise to a debt ex contractu and which, therefore, precluded enforcement by a contempt citation.See, e.g., Ala. Const. art. I, § 20 (stating "[t]hat no person shall be imprisoned for debt").
From the limited record on appeal, we find no indication that Paragraph 8 of the parties' divorce judgment in this case was the result of an agreement between the parties. Instead, *Page 441 
it appears that the father was ordered to pay, and the mother was awarded, $7,500 after the trial court considered all ore tenus evidence produced at the divorce trial. Accordingly, we cannot say that that provision was a debt ex contractu which would preclude enforcement by a contempt citation.
The father, in his second issue, requests that we reverse the trial court's finding of contempt as to the father's failure to pay past due child support and mortgage payments. A closer reading of the order of the trial court, however, reveals that the father was not found in contempt for failure to pay these obligations; instead, the trial court merely awarded a judgment to the mother and against the father for these amounts. We note that the trial judge stated at the trial's conclusion that the father's contempt was based on his "failure to pay that $7,500.00 which I ordered you to pay." Therefore, we will not consider the father's contentions that his inability to pay precludes the trial court from citing him for contempt. Accordingly, the trial court's judgment is due to be affirmed.
AFFIRMED.
THIGPEN, J., concurs.
ROBERTSON, P.J., dissents.