SAM A. BEATTY, Retired Justice.
Charles Phillip Smith appeals from a post-divorce judgment adverse to him. He contends that the trial court improperly found him in contempt of court. We affirm.
The parties were divorced on December 8, 1993. The divorce judgment incorporated a separation agreement executed by the parties on December 6, in which the wife was awarded the marital residence subject to the *419 mortgage, which she assumed; the husband agreed to assume “full and complete responsibility for payment of any and all income tax liability presently owed by the parties jointly and/or by either of them individually for the tax years 1987, 1989, 1990, 1991, and 1992;” and each party waived alimony and spousal support. After entry of the divorce judgment, the husband hired an accountant to prepare and file the delinquent tax returns for which he had agreed to be responsible. The wife filed separate tax returns for the designated years. Because the parties’ filing separate tax returns would have created a greater tax liability for the husband, the wife agreed to refile the tax returns jointly with the husband, a decision that resulted in the parties’ becoming jointly liable to the IRS for the tax debt. The taxes due for 1990, 1991, and 1992 exceeded $44,600, an amount greater than the parties had anticipated. When the husband was unable to satisfy the tax debt fully, the IRS filed a tax lien on the parties’ property, including the marital residence awarded to the wife. The husband says he has paid approximately $20,000 toward the 1990-1992 tax debt and has satisfied all tax liability for the years preceding 1990.
In November 1995, the wife filed a petition asking the trial court to hold the husband in contempt of court, alleging that the husband willfully had failed to comply with the provision in the divorce judgment regarding the payment of the parties’ income taxes. Before the trial court could hold a hearing, the attorneys for the parties agreed to settle the case. The wife renounced that agreement before any judgment was entered, however, claiming that she had not consented to the agreement reached by her attorney. The wife retained new counsel and the trial court rescheduled the ease for a hearing. The attorneys for the parties again reached an agreement to settle the case, and the trial court entered a judgment on September 4, 1996, that the parties say reflected their agreement. The court found the husband in contempt of court because of his failure to satisfy the parties’ income tax obligations, but the court allowed the husband to purge himself of contempt if, within 45 days of the judgment, he paid the tax liability in full or executed a written installment payment agreement with the IRS, and, in addition, secured the discharge of the wife’s property from the federal tax lien. The court ordered the husband to pay $2,000 to the wife, “representing the parties’ agreement of the costs incurred by the Petitioner in this cause,” and ordered him to be responsible for paying attorney fees to the wife’s former attorney. The September judgment further provided as follows:
“In the event that any party fails to comply with the provisions of this order, any other party may request a hearing on the non-complying party’s failure to comply with the provisions of this order by filing a motion requesting said hearing with the Clerk of the Court. The Court specifically reserves jurisdiction in this matter for the purpose of imposing any sanctions which the Court deems necessary or appropriate.”
Within the 45 days designated in the September judgment, the husband executed a written installment payment agreement with the IRS for the satisfaction of the tax liability. He did not, however, secure the release of the wife’s property from the federal tax lien. On October 21, the wife filed a motion for sanctions with the trial court and requested a hearing. The husband filed a memorandum in opposition, in which his attorney represented to the court that the husband was attempting diligently to obtain the release of the tax lien and that the delay in obtaining the release was not the fault of the husband. The trial court scheduled a hearing for January 17, 1997. At the hearing, the husband moved to dismiss the wife’s motion for sanctions and her petition for contempt, arguing that the tax liability constituted a debt and that under Alabama law, contempt proceedings cannot be used to coerce the payment of a debt. The record does not contain a transcript of the hearing.
The trial court found that the husband had not complied with its orders regarding the tax debt and that he had failed to purge himself of contempt. The court entered a judgment in favor of the wife for $21,687.50, to be satisfied by the husband’s paying that ■amount to the IRS or seeming the discharge *420 of the wife’s property from the tax lien. The court ordered the husband incarcerated until the judgment was satisfied, but stayed the incarceration for 30 days or until a further order. The court also awarded an attorney fee of $1,000 to the wife and denied the husband’s motion to dismiss. The court’s judgment is dated January 29, 1997, but it was not entered until February 3, 1997. On March 10, the wife moved to have the husband arrested for his continued failure to comply with the court’s orders. On March 12, the husband filed his notice of appeal.
The husband argues that a debt cannot be the subject of contempt proceedings and that the trial court erred when it imposed sanctions against him for his failure to pay a debt. The husband relies on Ala. Const, of 1901, Art. I, § 20 (“no person shall be imprisoned for debt”); Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982); and Ex parte Parker, 334 So.2d 911 (Ala.Civ.App.1976). Those authorities are addressed in Evans v. Evans, 625 So.2d 438 (Ala.Civ.App.1993), in which this court stated:
“In both Parker and Null, an agreement between the parties was involved, wherein one of the parties willingly assumed certain financial responsibilities. It was this contractual characteristic which gave rise to a debt ex contractu and which, therefore, precluded enforcement by a contempt citation. See, e.g., Ala. Const, art. I, § 20 (stating ‘[t]hat no person shall be imprisoned for debt’).
“From the limited record on appeal, we find no indication that Paragraph 8 of the parties’ divorce judgment in this case was the result of an agreement between the parties. Instead, it appears that the father was ordered to pay, and the mother was awarded, $7,500 after the trial court considered all ore tenus evidence produced at the divorce trial. Accordingly, we cannot say that that provision was a debt ex contractu which would preclude enforcement by a contempt citation.”
625 So.2d at 440-41. Although the husband’s obligation to satisfy the tax debt originated as an agreement between the parties, that agreement was incorporated into their divorce judgment. At that point, “ ‘the judgment, and not the agreement itself, became the controlling enforceable instrument.’ ” Chappel v. Esty, 655 So.2d 1011, 1012 (Ala.Civ.App.1995) (quoting Kaleta v. Kaleta, 452 So.2d 1338, 1339 (Ala.Civ.App.1984)). Furthermore, the husband’s obligations later became the subject of the September judgment that required him to take specific action within a certain time.
In Ex parte Boykin, 656 So.2d 821 (Ala.Civ.App.1994), this court explained to a party who made an argument similar to that made by the husband:
“[I]t has long been recognized that, as part of its inherent power, a trial court may punish for the contemptuous failure to comply with its lawful orders. In the civil context, the trial court may exercise the contempt power to coerce compliance with a lawful order of the court.”
656 So.2d at 828 (citations omitted). See also Hill v. Moree, 602 So.2d 903, 904 (Ala.Civ.App.1992) (“The inherent authority of the trial court to punish one for contempt lies in the interest of the court in protecting its dignity and demanding obedience to its decrees.”) Unless the sanctions imposed by the trial court constitute an abuse of its discretion, they will not be disturbed. Patterson v. Patterson, 372 So.2d 703 (Ala.Civ.App.1997).
Based on the authority of Patterson and the cases cited therein, we cannot say that the trial court abused its discretion in holding the husband in contempt and imposing sanctions. The trial court did not order the husband imprisoned for a debt, but exercised its authority to enforce its orders.
The husband also argues that the attorney fees ordered by the court were in error. His argument that the trial court had no authority to order him to pay an attorney fee is based on his argument that an obligation to pay a debt is not enforceable by contempt proceedings, and we see no merit to this argument.
The wife argues that the husband’s appeal is untimely. She is incorrect. The final judgment was entered on February 3 and the husband filed his notice of appeal on March 12, well within the requisite 42 days. Rule 4, *421 Ala. R.App. P. The fact that the husband addressed matters contained in the September judgment, which was not a final judgment, does not make his appeal untimely.
Let the judgment be affirmed.
The husband’s request for an attorney fee on appeal is denied. The wife’s request for an attorney fee on appeal is granted in the amount of $1,000.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.
CRAWLEY, J., dissents.