812 So.2d 1287 (2001)
T.B.
v.
A.J.
2000334.
Court of Civil Appeals of Alabama.
September 21, 2001.
*1288 Keith M. Collier of Collier & Long, Florence, for appellant.
Thomas W. McCutcheon, Florence, for appellee.
PER CURIAM.
On August 11, 2000, A.J. ("the grandmother"), who is the maternal grandmother of J.A.B. ("the child"), filed in the Lauderdale County Juvenile Court a petition for visitation rights, pursuant to § 30-3-4.1, Ala.Code 1975. The child's father, T.B. ("the father"), filed a motion to dismiss the grandmother's petition. He later answered the petition, alleging that § 30-3-4.1 was unconstitutional.
Following an ore tenus proceeding, the trial court entered an order on November 16, 2000, in which it found, among other things, "that it is in the best interest of [the child] that the grandmother's petition be granted and reasonable visitation allowed"; that court granted the grandmother the right "to visit with [the child] for two (2) hours each week ... beginning Saturday, November 25, 2000, at 2:00 p.m." The trial court also reset the cause for a hearing on January 18, 2001, for the court to hear evidence and arguments concerning modification of the place and length of time for visitation; the January 18 hearing was subsequently rescheduled for January 24, 2001. On November 29, 2000, the father filed a motion requesting that the trial court enter a final judgment, pursuant to Rule 54(b), Ala. R. Civ. P., as to the issue of visitation by the grandmother. That same day, the trial court entered an order that stated, in pertinent part:
"This cause coming before the Court upon a motion of the Defendant/Father, pursuant to Rule 54(b), Alabama Rules of Civil Procedure, for an entry of final judgment as to the issue of visitation and the Court having made an express determination that there is no just reason for delay [in] entering said judgment, the Court expressly directs and it is hereby ORDERED, ADJUDGED, and DECREED, as follows:
"That the prior order of this Court entered on November 15, 2000, is hereby amended as follows:
"It is hereby ORDERED, ADJUDGED, and DECREED by the Court that the [grandmother] is hereby granted reasonable visitation with [the child], pursuant to Section 30-3-4.1, [Ala.Code 1975].
"The place and length of time for such visitation is hereby reserved by the Court for further hearing and argument as set out in the prior order of November 15, 2000."
The father filed a notice of appeal on December 22, 2000.
As an initial matter, we must consider whether we have jurisdiction over this appeal, because "jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu." Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997).
*1289 "[F]or a Rule 54(b) certification of finality to be effective, it must fully adjudicate at least one claim or fully dispose of the claims as they relate to at least one party." Haynes v. Alfa Fin. Corp., 730 So.2d 178, 181 (Ala.1999). The trial court's order, as modified on November 29, 2000, awarded the grandmother visitation rights to the child, but reserved for further consideration the issues of the place and the length of that visitation. That order failed to completely dispose of the single claim presented in the grandmother's petition for visitation rights, and was inherently interlocutory; therefore, the trial court's attempted Rule 54(b) certification was ineffective to transform that order into a final, appealable judgment. See Tanner v. Alabama Power Co., 617 So.2d 656, 656-57 (Ala.1993) (judgment of condemnation without calculation of damages and compensation to be awarded to landowner was inherently nonfinal and not subject to Rule 54(b) certification).
We conclude that the November 29, 2000, order of the trial court is not a final judgment within the appellate jurisdiction of this court (see § 12-22-2, Ala.Code 1975) and that it could not properly be made a "final judgment" by direction under Rule 54(b), Ala. R. Civ. P. "When it is determined that an order appealed from is not a final judgment, it is the duty of the Court to dismiss the appeal ex mero motu." Powell v. Republic Nat'l Life Ins. Co., 293 Ala. 101, 102, 300 So.2d 359, 360 (1974). Accordingly, we dismiss the appeal.[1]
MOTION DENIED; APPEAL DISMISSED.
YATES, P.J., and CRAWLEY, PITTMAN, and MURDOCK, JJ., concur.
THOMPSON, J., dissents.
THOMPSON, Judge, dissenting.
I believe the trial court's judgment was appropriate for certification as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Therefore, I would not dismiss the appeal on the basis that it was taken from a nonfinal judgment. I would, however, dismiss this appeal on the basis that it was untimely filed. An action for grandparents' visitation may be filed in either the juvenile division of a district court or the juvenile division of a circuit court. See K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App. 1993). The grandmother filed her petition in the Juvenile Division of the Circuit Court of Lauderdale County, and, therefore, the Rules of Juvenile Procedure govern this action. Rule 1(A) and (B), Ala. R. Juv. P. A notice of appeal, whether to an appellate court or to a circuit court for a trial de novo, must be filed within 14 days of the entry of a final judgment in a juvenile action. Rule 28(C), Ala. R. Juv. P. The trial court entered its final judgment on November 29, 2000. The father filed a notice of appeal on December 22, 2000, beyond the 14 days allowed by Rule 28(C), Ala. R. Juv. P. Therefore, I conclude that the father's appeal is untimely and that it is due to be dismissed on that basis. For that reason, I must respectfully dissent.
NOTES
[1] Because the father's appeal was taken from a nonfinal judgment, we deny the grandmother's motion to dismiss the appeal as untimely (i.e., late). See Smith v. Smith, 703 So.2d 418 (Ala.Civ.App.1997) (declining to dismiss appeal as untimely where notice of appeal was filed within time limits specified in Rule 4, Ala. R.App. P., although trial court orders entered before final judgment were challenged).