PITTMAN, Judge.
In October 2012, Valerie Darlene Ward Cranford (“the .former wife”) brought an action in the Montgomery Circuit Court against James Michael Ward (“the former husband”) seeking a judgment citing the former husband for contempt. The former wife asserted that the parties had been divorced by a judgment entered by that court in November 2010 that had incorporated a settlement agreement in which the former husband had agreed to pay the former wife $16,500, consisting of a $4,000 lump-sum payment and installment pay *1055 ments of $350 per month, and to pay an attorney fee of $2,500 to the former wife; the former wife asserted that the former husband had ceased paying installments as required by the divorce judgment and that he had paid none of the attorney fee. The former wife sought, among other things, “appropriate sanctions against the [f]or-mer [h]usband ... requiring him to pay all arrearage and attorney fees heretofore awarded in order to purge himself of [his] contempt,” including, “if necessary, incarceration of the [f]ormer [hjusband.” The former husband sought a stay of the proceedings because of his having filed for bankruptcy protection, but the trial court denied the requested stay and subsequently declined to place the case on the administrative docket.[1]
After an ore tenus proceeding, at which the former husband and the former wife testified, the trial court entered a judgment finding the former husband in willful contempt for having failed to pay the monthly payments required under the divorce judgment despite having had the ability to have paid the sums required. The trial court found that the former husband owed an arrearage of $6,500 with respect to what that court classified as an obligation amounting to “alimony in gross” and that he was also due to pay attorney fees of $2,500; that court directed the payment of those sums within 30 days and 60 days, respectively, else those requirements would “be reduced to [a] judgment for which execution may issue.” Notably, the trial court’s contempt judgment provided for no present or conditional term of incarceration. The former husband timely appealed from the judgment of contempt.
The former husband raises two issues on appeal, but, in essence, he makes one overarching contention: that the trial court lacked the authority to hold him in contempt. He relies upon caselaw construing Article I, § 20, of the Alabama Constitution of 1901, which states “[t]hat no person shall be imprisoned for debt,” and upon other Alabama caselaw that, he says, classifies monetary transfers in exchange for transfers of property interests as not being in the nature of support but in the nature of a mere debt. Stated another way, the former husband argues that, because his monetary obligations under the divorce judgment that he failed to satisfy were not, he says, actually “alimony in gross,” the monetary obligations were debts that, he also says, could not be enforced by way of a contempt sanction. The former wife, for her part, relies upon caselaw that, she says, counsels affirmance of the trial court’s determination that the former husband’s obligation was in the nature of alimony in gross; she further relies upon Alabama authority respecting the “inherent power” of trial courts to enforce their judgments and to render orders as might be necessary to effectuate such judgments.
In all but one of the cases cited by the former husband for the proposition that the trial court could not properly hold him in contempt, the trial court imposed a present or conditional sanction of imprisonment, and § 20, the constitutional bar to imprisonment for debt, was invoked as authority mandating reversal. See Ex parte Parker, 334 So.2d 911, 912 (Ala.Civ.App.1976) (trial court found former wife in contempt of court and “gave her one month to pay the arrears or be incarcerated”); Dolberry v. Dolberry, 920 So.2d 573, 575 (Ala.Civ.App.2005) (“the court ordered that the husband be incarcerated each *1056 weekend” until the contempt was purged); and Ex parte Thompson, 282 Ala. 248, 251-52, 210 So.2d 808, 811 (1968) (trial court, as component of contempt judgment, ordered arrest and incarceration of former husband if required payment was not made within 10 days). In the remaining case, Null v. Null, 423 So.2d 887 (Ala.Civ.App.1982), the trial court found a former wife in contempt, but it merely directed her to pay a particular sum to her former husband; placing a gloss upon Thompson, Parker, and Thomas v. Thomas, 406 So.2d 939 (Ala.Civ.App.1981) (another case that had involved a commitment to jail incident to a contempt finding), this court reversed the judgment, broadly stating that “contempt proceedings could not be utilized to enforce payment” of “only a debt.” 423 So.2d at 888.
In contrast to the situation present in the majority of the cases the former husband has cited (and in those upon which Null relied), the trial court in this case implicitly denied the former wife’s request for a judgment incarcerating the former husband. The trial court simply determined that the former husband had had the ability to pay the amounts required under the divorce judgment but had willfully failed to do so. The sole sanctions imposed were (1) a direction to pay the required sums by dates certain and (2) a conditional money judgment upon which execution could issue if the former husband failed to comply with that direction.
In Patterson v. Patterson, 518 So.2d 739 (Ala.Civ.App.1987), this court reviewed the correctness of a contempt judgment that was entered in postdivorce proceedings. The judgment divorcing the parties had provided, in its property-settlement provisions, that one of the divorcing spouses was to receive, among other things, a particular gun collection, tools located at the former marital residence, and boat accessories. 518 So.2d at 740. After the recipient spouse filed a contempt action seeking to recover some of those items that had not been turned over by the other spouse or their alternate monetary value, the trial court found that the other spouse had improperly disposed of the requested items and that her conduct in having done so was contemptuous, and it directed the delivery of the items to the recipient spouse or, in the alternative, the payment of a money judgment representing their value. 518 So.2d at 741-42. We affirmed the trial court’s judgment of contempt notwithstanding the nature of the underlying obligation as a component of a property settlement, stating:
“The latest judgment interpreted, implemented, or enforced the divorce judgment, and the trial court had the inherent power to do so. Here, the [recipient spouse] was expressly granted the exclusive possession of the items by the divorce judgment and he could seek the interpretation, implementation, and enforcement of his ownership and posses-sory rights.
[[Image here]]
“While the trial court found that the [other spouse] was in civil contempt of court, no sanctions were imposed upon her'although she was permitted to purge herself of contempt. Therefore, we cannot reverse for an alleged violation of the constitutional prohibition against imprisonment for a debt. No such punishment of imprisonment was provided..”
518 So.2d at 742 (emphasis added and citations omitted).
Patterson stands for the proposition that, absent the impermissible imposition of a sentence of incarceration as a sanction for contempt in failing to discharge a debt in violation of § 20, the trial court has the inherent power to enforce its judgment by *1057 any legal means, up to and including the adjudication of a recalcitrant party as a contemnor. That proposition is consistent with each of the cases cited by the former husband except Null, which was decided by this court five years before Patterson (and which, we note, was written by the same author). We can conclude only that the gloss in Null placed upon the earlier eases cited therein was implicitly overruled by Patterson, and we adhere to the rule espoused in the later case. Accord 2 Judith S. Crittenden & Charles P. Kindregan, Jr., Alabama Family Law § 28:10, p. 44 (2008) (“[Although a trial court properly may charge a party with contempt for failing to fulfill property settlement obligations, for the nonpayment of a sum, in the nature of a property settlement, courts are precluded from application of punishment by incarceration.”).
For the foregoing reasons, the trial court’s judgment determining the former husband in this case to be in contempt and requiring him to perform actions in keeping with the duties originally imposed upon him in the underlying divorce judgment is due to be affirmed. Because no sentence of incarceration was imposed in this case, the other issue raised by the former husband — whether the underlying obligation was or was not alimony in gross so as to fall outside the definition of “debt” and to have potentially allowed such a sentence— is moot and unnecessary to our decision.
AFFIRMED.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ„ concur.

. The trial transcript contained in the appellate record indicates that the court having jurisdiction of the former husband's bankruptcy petition lifted the automatic stay provided for in 11 U.S.C. § 362 so as to allow the contempt action to proceed.